UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

        Plaintiff,                      Case No. 16-cv-13805

v.                                         Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

        Defendants.

_____/

**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT, MOTION TO DISMISS THE GENESEE COUNTY SHERIFF'S DEPARTMENT, MOTION TO EXTEND SUMMONS, AND MOTION TO QUASH, AND DENYING MOTION TO SUBSTITUTE PARTY, MOTION TO VACATE, AND MOTION TO FILE AMENDED COMPLAINT AND DISMISSING GENESEE COUNTY SHERIFF'S DEPARTMENT**

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater, Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated Robinson while he was confined in the Genesee County Jail. ECF No. 1. Defendant Rainwater was served on December 16, 2016. In response to the complaint, Rainwater filed a motion for a more definite statement, ECF No. 6, seeking additional information regarding "which Defendant allegedly committed what tort and when." *Id.* at 4. Several days later, the Court directed Robinson to disclose his place of residence so the Court could confirm that the case had been properly assigned to the Northern Division of the Eastern District of Michigan.[1] On January 16, 2017, the Genesee County Sheriff's Department appeared for the purpose of filing a motion to dismiss, arguing that a sheriff's department is not an independent legal entity

---

[1] Robinson disclosed his place of residence before incarceration on February 27, 2017. After an independent review, the Court is satisfied that the case was properly assigned to the Northern Division.

that is amenable to suit under Michigan law. ECF No. 14. On January 30, 2017, Robinson filed a motion to substitute Genesee County for the Sheriff's Department as a Defendant, acknowledging that the Sheriff's Department should not have been named as a Defendant.

Around the same time, Robinson filed a motion to extend the deadline to serve the remaining Defendants. ECF No. 15. Six days after that motion was filed, the Court granted a thirty day extension of the deadline, to February 24, 2017. ECF No. 16. On February 13, 2017, Rainwater filed a motion to vacate the Court's order extending the service deadline. ECF No. 23. The next day, Robinson filed a second motion to extend the service deadline. ECF No. 25. Robinson also filed a motion to amend his complaint. ECF No. 26. Finally, on February 22, 2017, the Genesee County Sheriff's Department filed a motion to quash a subpoena which Robinson sent to the Department.

For the reasons stated below, the motion for a more definite statement, motion to dismiss, motion to extend, and motion to quash will be granted, and the motion to substitute, motion to vacate, and motion to file an amended complaint will be denied.

**I.**

According to the allegations in Robinson's complaint, he was arrested in 2011 and charged with killing a Genesee County Sheriff Lieutenant. Compl. at 3, ECF No. 1. Robinson was acquitted of that charge, but is currently incarcerated after being convicted of unrelated offenses. *Id.* Robinson was held in the Genesee County Jail for two years while awaiting his trial on the murder charge. *Id.* at 4. According to Robinson, "[d]uring that time he was repeatedly beaten and assaulted by the Defendants herein." *Id.* Robinson is confident that the named Defendants beat him, but also alleges that he was beaten by "numerous other deputies or personnel of the Genesee County Sheriff's Department whose names are unknown to him, but

who he could identify through photographs of the staff of the Genesee County Sheriff's Department and jail from 2011 to 2013." *Id.*

Robinson further alleges that, when he attempted to file grievances or lawsuits concerning his mistreatment, "he was continuously and without cause placed in segregation" and his "legal papers and other documents were confiscated and/or destroyed." *Id.* Robinson also alleges that some of the acts were captured by video cameras inside the jail. *Id.*

In Count One of his complaint, Robinson alleges that his First Amendment, due process, and Eighth Amendment rights were violated. In the second Count, Robinson alleges that the Genesee County Sheriff's Department tolerated, condoned, and encouraged the abuse he suffered to the extent that it was the "actual, but unwritten, policy and practice" of the Department. *Id.* at 7. In Count Three, Robinson alleges that Defendants were engaged in a conspiracy to violate his civil and constitutional rights during his incarceration at the Genesee County Jail. *Id.* Finally, Robinson brings several state claims: assault and battery and intentional infliction of emotional and mental distress. *Id.* at 8.

**II.**

The Genesee County Sheriff's Department has moved to be dismissed for failure to state a claim against it. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, courts construe the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Defendant Rainwater has also moved for a more definite statement. Federal Rule of Civil Procedure 12(e) stated that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

*Id.*

Generally speaking, "motions for more definite statements are disfavored." *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988). Pleadings are typically "sufficient if they provide defendants with notice." *Id.* In that case, ambiguities or vagueness in the complaint should be cured through discovery, not motions practice. *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). However, civil rights cases where government entities and employees are being sued "require greater particularity." *Farah*, 122 F.R.D. at 26. That is because defending the case will require the defendants to "divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

### III.

First, the motions regarding Robinson's claims against the Genesee County Sheriff's Department will be addressed. Second, Robinson's motion to file an amended complaint will be

considered. But because the proposed amended complaint does not provide a sufficiently definite statement of Robinson's claims, the motion for a more definite statement will be granted and the motion to file an amended complaint will be denied as futile. Finally, the motions regarding extension of the service deadlines and the motion to quash will be resolved.

**A.**

The Genesee County Sheriff's Department has moved to be dismissed. ECF No. 14. The Department correctly points out that, under the Michigan Constitution, sheriff departments are agencies of the county, not a separate legal entity which can be sued. *See* Mich. Const. art. 7, § 4. *See also Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). Robinson agrees that the Genesee County Sheriff's Department should not have been named as a Defendant. *See* Pl. Resp. Mot. Dismiss at 2, ECF No. 18. Accordingly, the Department's motion to dismiss will be granted.

Robinson, of course, wishes to name Genesee County, the properly-suable legal entity, as a Defendant in place of the Department. To correct his mistake, Robinson has filed a motion to substitute Genesee County as a Defendant and a motion to file an amended complaint. ECF Nos. 18, 26. Robinson does not explicitly rely on any legal authority for the proposition that a substitution is appropriate. As Defendant Rainwater asserts, Federal Rule of Civil Procedure 25 governs the substitution of parties. There are four scenarios where substitution is permissible: when the named party dies, when a party becomes incompetent, when an interest is transferred, or when a public official is succeeded in office. *Id.* None of those circumstances are present here. Rather, the procedure for naming as a defendant a party who was mistakenly omitted from the original complaint is through a motion to add a party pursuant to Federal Rules of Civil Procedure 19 or 20. After filing his motion to substitute, Robinson filed a motion for leave to

amend his complaint. Because there is no basis for substitution under Federal Rule of Civil Procedure 25, his motion to substitute will be denied. Given the fact that Genesee County clearly had notice of the suit and because Robinson's failure to name the correct party will not result in unfair prejudice to Defendants, Robinson will be allowed to file an amended complaint identifying Genesee County as a Defendant.[2] However, because Robinson will be directed to submit an amended complaint which provides a more definite basis for his claims (as discussed below), his current motion to file an amended complaint will be denied. Robinson will be allowed to name Genesee County as a Defendant in the amended complaint he files in response to Defendants' motion for a definite statement.

**B.**

Robinson has attached a proposed amended complaint to his motion for leave to file an amended complaint. Prop. Am. Compl., ECF No. 26, Ex. A. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." As already explained, justice requires that Robinson's request to name Genesee County as a Defendant be granted. However, the proposed amended complaint does not cure all of the issues that Rainwater highlights in his motion for a more definite statement. In fact, although the caption of the proposed amended complaint adds Genesee County as a Defendant, the text of the proposed amended complaint does not clearly name Genesee County as a Defendant. That ambiguity should be corrected. Because Robinson will be directed to file an amended complaint which provides a more definite statement, his current motion to amend will be denied as futile.

---

[2] Defendants also attempt to argue allowing the amendment would be futile because "a municipality cannot be held liable simply because it employed a tortfeasor." Reply Br. Mot. Dismiss. at 4, ECF No. 19. That is true, but Robinson's complaint and proposed amended complaint both clearly allege that the individual Defendants' misconduct was a ratified policy and practice of the Department. That is sufficient to allege a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

In his motion for a more definite statement, Defendant Rainwater asserts that the complaint gives "no notice as to which Defendant allegedly committed what alleged tort or when." Mot. Definite Statement at 2. Rainwater explains that specificity is needed because, among other reasons, "[t]here are likely time-sensitive defenses, such as statutes of limitations." *Id.* In response, Robinson requests that he be allowed to pursue discovery before providing a more definite statement. That request will not be granted. Defendants believe that Robinson's suit has been filed outside the statute of limitations. Likewise, Defendants will likely be asserting a qualified immunity defense in response to the complaint. If Robinson's suit is outside the statute of limitations, then there would be no reason to subject the parties to the expense and trouble of discovery. Likewise, qualified immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985) (emphasis in original). As such, questions of immunity must be resolved as early in the litigation as possible. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). In short, if Robinson's complaint is too amorphous to clearly provide Defendants notice of what they are being accused of, then Defendants would be unable to determine if certain threshold defenses to suit (and discovery) exist. If Defendants are entitled to qualified immunity or the statute of limitations has passed, Defendants should not be unnecessarily subjected to discovery.

The question, then, is whether Robinson's complaint has put Defendants on notice of what they are being accused of. *Farah*, 122 F.R.D. at 25. As already mentioned, civil rights cases where government entities and employees are being sued "require greater particularity." *Id.* at 26. Here, Robinson has filed a motion to file an amended complaint. If the proposed amended complaint provides a definite statement of Robinson's claims, then Rainwater's motion for a

definite statement could be denied as moot. However, Robinson's proposed amended complaint does not provide a sufficiently clear statement of his claims.

Robinson's proposed amended complaint references "a series of incidents from 2011-2013." Prop. Am. Compl. at 1. It alleges that the named individual Defendants "participated in the repeated beatings and assaults of Plaintiff, combined with unjustified administrative segregation and solitary confinement, over a period of 2 ½ years." *Id.* at 2. While the original complaint named only two individual Defendants, the proposed amended complaint names four individual Defendants. But neither complaint gives any indication of how many assaults Robinson suffered, the frequency of the assaults, or the form the assaults took. According to Robinson, the "last such beating occurred on October 28, 2013." *Id.* at 5. That is the only specific detail regarding the alleged beatings.

The level of specificity of the allegations is not sufficient to state a plausible claim for relief, as required by *Bell Atlantic Corp. v. Twombly.* 550 U.S. 544, 565 n.10 (2007) ("Apart from identifying a 7-year span in which the . . . violations were supposed to have occurred . . . , the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies."). *See also Fisher v. Caruso*, No. 03-71804, 2007 WL 1827395, at *3 (E.D. Mich. June 22, 2007) ("In most instances, the second amended complaint alleges only that "defendants" participated in various unlawful acts or omissions. It provides almost no additional information from which the Defendants may ascertain which Defendant participated or when the act or omission occurred."); *Farah*, 122 F.R.D. at 26 ("The complaint asserts only that the allegedly injurious conduct commenced in 1983; it proffers no other specific dates. Defendant argues that that is a deficiency rendering effective answer impossible and, further, that the applicable statute of limitations would bar a lawsuit based on conduct taken in 1983. This argument is accepted.").

Clearly, prisoners who allege they have been mistreated by sheriff deputies are not expected to maintain a detailed record of when and how they were beaten. But Robinson should be able to provide greater specificity without being unduly prejudiced, especially given the passage of three years since the last alleged beating. Robinson will be directed to file an amended complaint which identifies Genesee County as a Defendant and provides the location of the assaults and an estimate of the frequency, duration, and form of the assaults. The amended complaint should indicate whether each Defendant was involved in every assault or whether some Defendants participated in only some assaults. While exhaustive detail is not necessary, enough information to fairly apprise Defendants of when and where the alleged assaults took place, the frequency of their occurrence, and the number (and, to the extent possible, the identities) of those who perpetrated them should be provided.

Defendants argue that Robinson should not be allowed to file an amended complaint naming any new parties because the statute of limitations has run. "[N]ew parties may not be added after the statute of limitations has run." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Further, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

Federal Rule of Civil Procedure 15(c)(1) explains when an amendment to a pleading relates back to the date of the original filing. Under 15(c)(1)(C), an amendment relates back if:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; *and*
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* (emphasis added).

Rule 15(c)(1)(B) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."

Here, all of Robinson's claims against the Defendants arise out of the same nucleus of facts: his mistreatment while incarcerated at Genesee County Jail. Further, the Rule 4(m) time for service has not yet lapsed (pending the Court's ruling on Robinson's motion to extend the deadline). However, amendments identifying previously unknown police officers do not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(C)(ii). *Cox*, 75 F.3d at 240. *See also Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008). In *Berndt v. State of Tenn.*, the Sixth Circuit explained that in some cases, when "the new defendants committed the illegal acts and are officials of the original defendant," the relationship can imply sufficient notice. 796 F.2d 879, 884 (6th Cir. 1986). The *Berndt* Court explained that "whether the new defendants knew or should have known that the suit should have been brought against them is that it is a patently factual inquiry and left to the district court." *Id.* But that imputed notice, even if present here, is not sufficient to establish "mistake" for purposes of Rule 15(c)(3)(C)(ii). *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996). *See also Mhoon v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:16-01751, 2017 WL 468421, at *6 (M.D. Tenn. Feb. 3, 2017).

Robinson's amended complaint will relate to the original date of filing as to Genesee County because the County received notice of the suit during the original time for service and

knew that Robinson would have sued it, but for a mistake regarding the appropriate legal entity to sue. However, to the extent Robinson's proposed amended complaint seeks to join new individual Defendants, it is futile. As discussed above, new parties cannot be joined after the statute of limitations has run, even though the original complaint named ten "John Does" as Defendants. Robinson's proposed amended complaint represents that the last beating occurred on October 28, 2013, meaning that the three year statute of limitations has run. Thus, Robinson's attempt to join Deputies Shaw and Bennett as new Defendants is futile. Likewise, Robinson's inclusion of ten "John Does" is unavailing. Even if Robinson identifies those individuals during discovery, the statute of limitations will bar any attempt to join them as Defendants. Because Sergeant Park, Deputy Hoover, and Deputy Rainwater were named in the original complaint, the claims against them in Robinson's amended complaint will relate back to the original date of filing pursuant to Rule 15(c)(1)(B).

To summarize, Robinson's motion to file an amended complaint will be denied because his proposed amended complaint attempts to add Defendants against whom the statute of limitations has run and because it does not provide a sufficiently definite statement of Robinson's claims. Robinson will be directed to file an amended complaint which 1) explicitly adds Genesee County as a Defendant, 2) does not include Shaw and Bennett as Defendants, 3) does not identify ten "John Does" as additional potential Defendants, and 4) provides a more definite statement of his claims, as directed above, to the extent possible.

**C.**

The next question is whether Robinson was properly granted an extension of time in which to effectuate service. Robinson has already received a thirty day extension of the service deadline. ECF No. 16. Defendant Rainwater's counsel, Barney Whitesman, has requested that

the Court vacate that order despite the fact that Rainwater has already been served. ECF No. 23. He objects that Robinson's motion for an extension was granted before he could contest it and asserts that there was not good cause to grant the motion. In the motion, Rainwater's counsel asserts: "Notwithstanding that the Undersigned counsel anticipates that he will be representing other Defendants if they are served, the Undersigned has done nothing to convey a practice of accepting service on behalf of other Defendants no longer employed by the Sheriff's Department." Mot. Vacate at 5–6, ECF No. 23.

This motion raises several questions. A cursory review of the motion to vacate reveals that it was filed by Whitesman on behalf of the unserved Defendants, not on behalf of Rainwater (because Rainwater has no possible interest in preventing an extension of the service deadline once he has been served). Thus, the threshold question is whether Whitesman has waived service of process for the unserved Defendants by advancing arguments on their behalf and indicating that he intends to represent them once served. Defendants can forfeit an insufficiency of service defense by "extensive participation in the litigation," *King v. Taylor*, 694 F.3d 650, 660 (6th Cir. 2012), filing a general appearance and not timely contesting jurisdiction, *Kearns v. Ferrari*, 752 F. Supp. 749, 752 (E.D. Mich. 1990), or filing a motion under Federal Rule of Civil Procedure 12(b) and failing to raise an insufficient service defense.

Whitesman's actions and written representations to this point reveal his efforts to defend each named and unnamed Defendant against Robinson's claims. Whitesman's briefing consistently reflects his anticipated (if not actual) representation of all Defendants. For example, his motion for a more definite statement clearly requests additional information on behalf of each Defendant. *See* Mot. Definite Statement at 2 ("[T]here is no notice as to which Defendant allegedly committed what alleged tort or when."); Reply. Br. Mot. Definite Statement at 4, ECF

No. 12 ("It is not asking too much to know what *each* Defendant allegedly did before Deputy Rainwater must prepare his Answer.") (emphasis added). Likewise, Whitesman's frantic attempts to substantiate a statute of limitations defense are at least partially for the benefit of unserved Defendants. *See* Resp. Mot. Substitute at 1–2 ("Defendant suspects that the Complaint was filed after the statute of limitations as to some or all Defendants."); Resp. Mot. Amend at 4, 9–10 ("There is no indication that either of the prospective 2 new defendants had previous knowledge of this lawsuit. Deputy Bennett denies having any knowledge. Upon information and belief, neither messieurs Shaw or Bennett were aware of the lawsuit."). In short, Whitesman's actions evince an intent to represent each named Defendant.

Given Whitesman's inundation of the docket with motions and briefing on behalf of all Defendants, it is questionable whether he has forfeited an insufficiency of service defense by extensive participation in the litigation. Because Whitesman has not formally filed a general appearance on behalf of all Defendants and because Whitesman is zealously challenging service of process along with his other arguments, there is no reason to punish the unserved Defendants for Whitesman's initiative. Whitesman has not waived the defense of insufficient service through his actions.

The next question is whether the motion to vacate should be granted and, relatedly, whether Robinson's second motion for an extension of time should be granted. Federal Rule of Civil Procedure 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must extend* the time for service for an appropriate period.

*Id.* (emphasis added).

Defendants, through Whitesman, argue that Robinson must show that his failure to act was the result of excusable neglect, not that good cause for an extension was present. In support, Whitesman cites *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). In *Turner*, the plaintiff moved to reissue summons for defendants *after* the Rule 4(m) time period had expired. Here, Robinson timely moved within the Rule 4(m) time period for an extension. In that case, the lower good cause standard applies. Further, Rule 4(m) makes clear that if good cause is shown, the Court *must* extend the time for service. The obvious implication of that language is that the Court is also empowered to grant an extension of time even if good cause is not shown. *See In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003). *See also Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999). The Advisory Notes to Rule 4(m) provide that an extension of the time for summons "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Advisory Notes, Fed. R. Civ. Pro. 4(m). Whitesman's repeated arguments that the "life of the summons implicates the 3-year statute of limitations" consequently weigh in favor of a finding of good cause to extend. Mot. Vacate at 3.

Thus, if Robinson showed good cause, the Court was required to extend the deadline for service. Even if Robinson had not, the Court was nevertheless empowered to extend the deadline in its discretion. Whitesman's motion to vacate provides no persuasive reason for altering the previous order. In fact, to the extent Whitesman emphasizes that any refiled action would be barred by the statute of limitations, Whitesman's motion actually supports a finding of good cause to extend. More importantly, Whitesman has provided no authority for the proposition that the Court was required to wait until he responded before resolving the motion. In this circumstance, where all Defendants who have filed appearances in the case have been served,

Whitesman's argument that the motion should not have been resolved without waiting for the *unserved defendants* to respond is very much without merit.

The remaining question is whether there is good cause to give Robinson a second extension of time to serve Defendants. For several reasons, a thirty day extension will be given. Robinson has provided little detail about his efforts to serve Defendants. He asserts that the Sheriff's Department is not cooperating with his efforts, but has provided no examples of bad faith conduct. Defendants might have refused to stipulate to the substitution of the County as a Defendant, but Defendants are not required to do so. Thus, Robinson has not substantiated his argument that "good cause" for an extension exists.

Notwithstanding that finding, the Court has discretion to extend the time for summons. In making that determination, courts consider several factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*In re Lopez*, 292 B.R. 570, 576 (E.D. Mich. 2003) (citations omitted).

Here, the fifth factor weighs against an extension, but the second, third, and fourth factors support a short extension. Because Robinson's motion to amend the complaint to add Genesee County as a Defendant will be granted, it would be inequitable to not provide Robinson time to serve Genesee County. In other words, a refusal to grant an extension would dramatically prejudice Robinson, while an extension would not prejudice Defendants at all, other than the inherent prejudice of defending a lawsuit. Likewise, the statute of limitations would bar a refiled suit by Robinson, meaning that the Advisory Notes to Rule 4(m) (quoted above) support a finding of good cause. In general, the Court prefers to resolve matters on their merits, rather than

on technicalities. Accordingly, a thirty day extension is justified. Absent compelling reasons, further extensions will not be provided.

### D.

Finally, Defendants' motion to quash will be granted. Robinson has served only one Defendant to this point and, because of the pending motion for a definite statement, that Defendant has not filed an answer yet. Robinson's attempts at discovery are premature. Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." As explained above, there are several threshold barriers which Robinson must surmount before reaching the discovery stage. Robinson will not be entitled to discovery unless his case survives any Rule 12(b) motions which Defendants file, and those motions will be filed only after service is effected and Robinson provides a definite statement of his claims. Defendants' motion to quash will be granted.

### IV.

Accordingly, it is **ORDERED** that Defendant Rainwater's motion for a more definite statement, ECF No. 6, is **GRANTED.**

It is further **ORDERED** that Plaintiff Robinson is **DIRECTED** to file an amended complaint which complies with the direction provided in this Order, *see* page eleven, **on or before April 7, 2017.**

It is further **ORDERED** that Defendant Genesee County Sheriff's Department's motion to dismiss, ECF No. 14, is **GRANTED.**

It is further **ORDERED** that Plaintiff Robinson's Complaint is **DISMISSED** to the extent it names the Genesee County Sheriff's Department as a Defendant.

- 17 -

It is further **ORDERED** that Plaintiff Robinson's motion to substitute, ECF No. 18, is **DENIED.**

It is further **ORDERED** that Defendants' motion to vacate, ECF No. 23, is **DENIED.**

It is further **ORDERED** that Plaintiff Robinson's motion to extend, ECF No. 25, is **GRANTED in part.**

It is further **ORDERED** that service must be effected within thirty days from the date of this Order.

It is further **ORDERED** that Plaintiff Robinson's motion to amend, ECF No. 26, is **DENIED** as futile.

It is further **ORDERED** that Defendant Genesee County Sheriff's Department's motion to quash, ECF No. 29, is **GRANTED.**

Dated: March 24, 2017          s/Thomas L. Ludington
         THOMAS L. LUDINGTON
         United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2017.

         s/Michael A. Sian
         MICHAEL A. SIAN, Case Manager