UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

        Plaintiff,                                               Case No. 16-cv-13805

v.                                                                  Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

        Defendants.

_____/

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT, GRANTING MOTIONS TO STRIKE AMENDED COMPLAINT IN PART, DENYING MOTIONS FOR ALTERNATE SERVICE, AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater, Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated Robinson while he was confined in the Genesee County Jail. ECF No. 1. Defendant Rainwater was served on December 16, 2016. In response to the complaint, Rainwater filed a motion for a more definite statement, ECF No. 6, seeking additional information regarding "which Defendant allegedly committed what tort and when." *Id.* at 4. On January 16, 2017, the Genesee County Sheriff's Department appeared for the purpose of filing a motion to dismiss, arguing that a sheriff's department is not an independent legal entity that is amenable to suit under Michigan law. ECF No. 14. On January 30, 2017, Robinson filed a motion to substitute Genesee County for the Sheriff's Department as a Defendant, acknowledging that the Sheriff's Department should not have been named as a Defendant.

Around the same time, Robinson filed a motion to extend the deadline to serve the remaining Defendants. ECF No. 15. Six days after that motion was filed, the Court granted a thirty day extension of the deadline, to February 24, 2017. ECF No. 16. On February 13, 2017, Rainwater filed a motion to vacate the Court's order extending the service deadline. ECF No. 23. The next day, Robinson filed a second motion to extend the service deadline. ECF No. 25. Robinson also filed a motion to amend his complaint. ECF No. 26. Finally, on February 22, 2017, the Genesee County Sheriff's Department filed a motion to quash a subpoena which Robinson sent to the Department.

On March 24, 2017, the Court issued an opinion and order addressing the pending motions. ECF No. 36. The Court dismissed the Genesee County Sheriff's Department, but directed Robinson to file an amended complaint which provided a more definite statement and added Genesee County as a Defendant. The Court further found that Robinson's attempt to join several new parties (and ten "John Does") was unavailing because the statute of limitations had run and the joinder, if and when it occurred, would not relate back to the date the original complaint was filed. The Court also found that Robinson had demonstrated good cause for his delay in serving the unserved Defendants. Thus, the Court granted Robinson a second, thirty-day extension of time for service. The Court ordered Robinson to file an amended complaint which provided a more definite statement and included the appropriate Defendants on or before April 7, 2017.

On April 7, 2017, Robinson filed a motion for an extension of time to file the amended complaint. ECF No. 37. In the motion, Robinson's counsel indicated that, despite the case having been filed in October 2016, he had not yet personally met with his client.[1] On April 7, 2017,

---

[1] This delay is even more unjustifiable when the Court's March 24, 2017, order to provide a more definite statement is considered.

Robinson filed his first amended complaint. ECF No. 38. The amended complaint does not provide any additional detail regarding the factual allegations Robinson is making.

In response to this most recent motion for an extension, the Court ordered Robinson to show cause why the case should not be dismissed for failure to prosecute. ECF No. 40. That order explained that the amended complaint did not provide a more definite statement and noted that the fact that Plaintiff counsel had not met with his client raised questions regarding whether he reasonably investigated the claims prior to filing the case. On April 21, 2017, Robinson filed a "more definite statement." ECF No. 47. The filing is untimely and is in narrative form, not pleading form.

On April 20, 2017, the Defendants who had been served filed a motion to strike the amended complaint, arguing that it did not provide a more definite statement. ECF No. 43. The next day, Robinson filed a motion to extend, for a third time, the deadline to serve Defendant Hoover. ECF No. 46. Robinson requests that the Court allow him to serve Hoover by either sending the summons via certified mail to the Genesee County Sheriff's Department or by allowing for service by publication in accordance with M.C.L. § 2.106. In a separate motion, Robinson alternatively requests that the Court order Genesee County to disclose Hoover's last known address. ECF No. 50. On May 3, 2017, the Defendants renewed their motion to strike the amended complaint, arguing that the more definite statement provided by Robinson was untimely and improperly formatted. ECF No. 52. Defendants also emphasize that Robinson has not formally responded to the Court's order to show cause.

**I.**

The allegations in the original complaint were summarized in the March 24, 2017, opinion and order. They are incorporated here as if restated in full. For clarity, the allegations in the "more definite statement" provided by Robinson on April 21, 2017, will be recounted here.

In the statement, Robinson alleges that he was arrested in 2011 and charged with "larceny, firearms, home invasion, and with the murder of a highly respected retired Genesee County Sheriff Department Lieutenant." More Def. State. at 2, ECF No. 47. Ultimately, Robinson was convicted of larceny and home invasion, but acquitted of the murder. *Id.* Robinson's codefendant pleaded guilty to the murder. While awaiting trial, Robinson was incarcerated at the Genesee County Jail from August 2011 to October 28, 2013. He alleges that, during that entire period of incarceration, he was assaulted by guards three to four times a week. He contends that his assailants explicitly referenced the murder of the lieutenant as the reason for the beatings. The assaults usually involved three or four guards. The assailants typically wore black gloves.

The location of the beatings varied. Sometimes, Robinson was assaulted in his cell. On other occasions, Robinson was beaten in the common area. Sometimes, Robinson would be handcuffed before the assaults. He specifically references one instance where his head was "smashed against the floor by Rainwater's knee." *Id.* at 3. He also alleges that he was pepper sprayed during every assault. On at least one occasion, the guards turned off the water to Robinson's cell so he would be unable to clean the pepper spray off his body.

Robinson provides several descriptions of specific assaults. For example, he alleges that the first assault occurred four days after his arrest. Robinson was accused of throwing a tissue out of his cell by second shift personnel. When third shift personnel came on duty, they removed Robinson's cellmate, handcuffed Robinson, and beat him. The last assault occurred in October

28, 2013, when Robinson was being transferred to Michigan Department of Corrections custody. While processing Robinson, Rainwater allegedly punched him in the right eye.

After the assaults, Robinson would be either confined to his cell or placed in solitary confinement. He contends that, during his time in the Genesee County Jail, he spent seven months in solitary confinement. Robinson was assaulted on the way to solitary and sometimes while in solitary. He further alleges that he was denied meals and showers. Robinson's hearings after the solitary confinement were delayed by Lieutenant Hunt and, Robinson alleges, the guards interfered with his ability to defend himself at the hearings.

Robinson alleges that he kept a journal of the beatings. However, the journal was confiscated when he was placed in solitary confinement and he has not recovered it. Robinson also alleges that he phoned a friend after each attack and informed her. He further alleges that his sister visited him twice and on both occasions saw bruises on his body.

## II.

For the reasons stated below, Defendants' motions to strike will be granted in part. Robinson's motion for an extension of time to file the amended complaint will be granted. Robinson's motions for an extension of time to serve or for alternate means of service will be denied.

## A.

Defendants argue that Robinson's first amended complaint should be stricken because it does not provide a more definite statement and thus does not comply with the Court's March 24, 2017, opinion and order. As the Court explained in the April 14, 2017, order to show cause, the first amended complaint does not furnish "any additional factual information about the substance" of Robinson's claims. Order Show Cause at 3. Because the first amended complaint

is nonresponsive to the Court's March 24, 2017 order and is redundant when compared to the original complaint, it will be stricken in accordance with Federal Rules of Civil Procedure 12(e) and (f).

However, Robinson did file a "more definite statement" on April 21, 2017. That document easily contains enough detail to put the Defendants on notice of the substance of Robinson's claims. However, the statement is untimely and is not formatted as a pleading. Defendants argue that the amended complaint (and, indeed, the entire suit) should be dismissed under Rule 41(b) for failure to prosecute.

As explained in the order to show cause, district courts have the inherent authority to *sua sponte* order dismissal pursuant to Rule 41(b). *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). "The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Id.* However, if the neglect is "solely the fault of the attorney," dismissal is typically inappropriate. In *Carter*, the Sixth Circuit held that the district court abused its discretion in dismissing the complaint, even though the "attorney's efforts . . . were wholly insufficient," because the plaintiff was "blameless." *Id.*

Similarly, Plaintiff counsel's efforts in this case have been less than zealous. They filed the case without meeting personally with their client. In fact, Plaintiff's counsel did not meet with the client until the case had been pending for six months and the Court had directed them to show cause why the cause should not be dismissed for failure to prosecute. Although Plaintiff's lead counsel indicates he has been experiencing health issues, Plaintiff is represented by a two attorneys. Acceptable explanations have not been provided for the delay and neglect evidenced by Plaintiff's counsel.

However, the delays in this case cannot be attributed to Robinson. He is incarcerated and thus severely limited in his ability to prosecute his own case or even ensure that his attorney is adequately representing his interests. Given that situation, the need for attentive and earnest representation by Robinson's counsel is apparent. But, for the same reason, dismissal would be inequitable. Defendants have not experienced undue prejudice by the delay. Defense counsel makes much of the fact that he has incurred fifty-seven hours of attorney fees to this point. But billable hours are incurred defending every case. Defendants have not shown that Plaintiff counsel's actions have created prejudice beyond the inherent prejudice of defending a suit.

Accordingly, the amended complaint filed on April 7, 2017, will be stricken as nonresponsive to the order to provide a more definite statement. Robinson will not be punished for his counsel's inaction. Accordingly, the motion for an extension of time to file an amended complaint will be granted. Robinson should incorporate the facts provided in the "more definite statement" into the second amended complaint.[2]

**B.**

Robinson also seeks a third extension of time to serve Defendant Hoover.[3] He further seeks permission to utilize alternative means of service. For several reasons, Robinson has not shown good cause for another extension of time or to use alternative means to serve Hoover.

Federal Rule of Civil Procedure 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must extend* the time for service for an appropriate period.

---

[2] Although Robinson did not file a formal response to the Court's order to show cause, the "more definite statement" provided by Robinson serves effectively the same purpose. That statement should have been provided two weeks earlier, but for the reasons given above, it will be accepted despite the untimeliness. The order to show cause will be dismissed.

[3] Defendants Genesee County, Park, and Rainwater have been served.

*Id.* (emphasis added).

On January 30, 2017, the Court found that good cause for a thirty-day extension existed. *See* Order Granting Mot. Ext., ECF N0. 16. On March 24, 2017, the Court found that there was not good cause for an extension, but nevertheless granted another thirty-day extension, in its discretion, because denial of the request for an extension would dramatically prejudice Robinson. *See* March 24, 2017, Op. & Order at 15–16. But the Court cautioned: "Absent compelling reasons, further extensions will not be provided." *Id.* at 16.

Now, Robinson seeks a third, thirty-day extension. But, based on Robinson's own briefing, only two steps have been taken in the six months since the case was originally initiated to serve Hoover: Robinson's counsel has contacted the Genesee County Sheriff's Department asking for Hoover's personal contact information and has hired one process server to locate Hoover. The process server conducted his search on April 21, 2017 (the deadline for service), and could not locate Hoover. After that apparently last-ditch effort to effectuate service through the typical means, Robinson now contends that "service cannot reasonably be made through the means of service provided by [the relevant Michigan statute]." Mot. Third Ext. at 3, ECF No. 46. A single, unsuccessful attempt by a process server to locate a defendant does not demonstrate the futility of actual service. Further, an employer is under no obligation to disclose the personal contact information for an employee.[4] Thus, the unwillingness of the Genesee County Sheriff's Department to disclose Hoover's identity and home address is irrelevant. These attempts to locate Hoover fall short of demonstrating good cause for an extension. As with the order to provide a more definite statement, Robinson's counsel has not demonstrated good faith efforts.

---

[4] In fact, as discussed below, police officers have a constitutionally protected privacy interest in their personal contact information.

As discussed in the March 24, 2017, opinion and order, the Court can extend the time for service, in its discretion, even if the plaintiff has not shown good cause for an extension. In making that determination, courts consider several factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*In re Lopez*, 292 B.R. 570, 576 (E.D. Mich. 2003) (citations omitted). Here, there has already been significant delay. Additional delay would prejudice Defendants and contribute to wasted judicial resources. And because all Defendants but one have been served, Robinson will not suffer substantial prejudice from a denial. Accordingly, the motion for an extension of time will be denied.

Even if the motion for an extension of time was granted, Robinson's requests for leave to use alternative means of service would not be granted. First, Robinson seeks leave to serve via publication, as allowed by MCR 2.106. But service by publication is predicated on a showing that "service of process cannot reasonably be made" via normal procedures. MCR 2.105(I). As discussed above, Robinson's slapdash efforts to serve Hoover fall short of demonstrating that service cannot be effectuated by normal means. Second, Robinson asks that the Court order Genesee County to "accept or arrange service for Defendant Hoover, if he is currently employed by the County, or to provide his last known addresses, phone numbers, and emails." Mot. Regard. Serv. at 2, ECF No. 50. But neither the Federal Rules of Civil Procedure nor Michigan rules allow for an individual to be served through his employer. *See Grooms v. Fouson*, No. 3-13-0255, 2013 WL 4401843, at *2 (M.D. Tenn. Aug. 13, 2013) (explaining that Rule 4(e) "does not permit service to be made by mailing copies to a defendant's place of employment"); MCR

2.105. Rather, due process requires that service be "reasonably calculated" to provide actual notice to defendants. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Royster v. Mohr*, No. 11-CV-1163, 2013 WL 827709, at *4 (S.D. Ohio Mar. 6, 2013), report and recommendation adopted, No. 2:11-CV-1163, 2013 WL 2404065 (S.D. Ohio May 31, 2013) (collecting cases which support the proposition that service accepted at a former place of employment, "even if accepted by another individual, does not comport with due process because the defendant is not physically present at the location").

It is unclear whether Hoover currently works at the Genesee County Sheriff's Department. If he does, then Robinson should have been able to locate and serve him normally, given due diligence. But, as is more likely, if Hoover no longer works for the Department, then Genesee County cannot be compelled to disclose his personal contact information. In fact, Hoover has a constitutionally protected privacy interest in his personal contact information. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1069 (6th Cir. 1998) (explaining that police officers had their due process rights violated when the city disclosed the "officers' addresses, phone numbers, and driver's licenses" because it placed the officers at substantial risk of serious bodily harm).

In short, Robinson will be directed to file an amended complaint which is responsive to the Court's order to provide a more definite statement. Because they were timely served already, Robinson will be permitted to serve Defendants Genesee County, Park, and Rainwater. But because Robinson did not serve Hoover within the Rule 4(m) time for service and because an extension of time will not be given, Hoover will be dismissed without prejudice, pursuant to Rule 4(m).

### III.

Accordingly, it is **ORDERED** that Plaintiff Robinson's motion for extension of time to file an amended complaint, ECF No. 37, is **GRANTED.**

It is further **ORDERED** that Plaintiff Robinson is **DIRECTED** to file a second amended complaint, in compliance with this order and the March 24, 2017, opinion and order, **on or before June 16, 2017.**

It is further **ORDERED** that Defendants' motions to strike, ECF Nos. 43, 52, are **GRANTED in part.**

It is further **ORDERED** that the first amended complaint, ECF No. 38, is **STRICKEN.**

It is further **ORDERED** that Plaintiff Robinson's motions for extension of time to serve Defendant Hoover and for leave to use alternative means of service, ECF No. 46, 50, are **DENIED.** It is further **ORDERED** that Defendant Hoover is **DISMISSED without prejudice.**

It is further **ORDERED** that the order to show cause, ECF No. 40, is **DISMISSED.**

Dated: June 2, 2017    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager