UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

                Plaintiff,                      Case No. 16-cv-13805

v.                                          Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

                Defendants.

_____/

**ORDER GRANTING IN PART MOTION TO STRIKE PORTIONS OF THE AMENDED COMPLAINT**

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater, Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated Robinson while he was confined in the Genesee County Jail. ECF No. 1. Defendant Rainwater was served on December 16, 2016. In response to the complaint, Rainwater filed a motion for a more definite statement, ECF No. 6, seeking additional information regarding "which Defendant allegedly committed what tort and when." *Id.* at 4. On January 16, 2017, the Genesee County Sheriff's Department appeared for the purpose of filing a motion to dismiss, arguing that a sheriff's department is not an independent legal entity that is amenable to suit under Michigan law. ECF No. 14. On January 30, 2017, Robinson filed a motion to substitute Genesee County for the Sheriff's Department as a Defendant, acknowledging that the Sheriff's Department should not have been named as a Defendant. On February 14, 2017, Plaintiff filed a motion seeking leave to file an amended complaint and a motion seeking an extension of the service deadline. ECF Nos. 25, 26.

On March 24, 2017, the Court issued an opinion and order addressing the pending motions. ECF No. 36. Among other things, the Court dismissed the Genesee County Sheriff's Department, but directed Robinson to file an amended complaint which provided a more definite statement and added Genesee County as a Defendant on or before April 7, 2017. Robinson did not file an amended complaint that provided a more definite statement at the deadline. After being directed to show cause why the suit should not be dismissed for failure to provide a more definite statement, *see* ECF No. 40, Robinson filed a more definite statement in narrative form. ECF No. 47. Robinson also requested, for the third time, that the deadline to serve Defendant Hoover be extended. ECF No. 46. On June 2, 2017, the Court granted Robinson another extension of time to file an amended complaint which complied with the previous order to provide a more definite statement, but denied the motion for an extension of time to serve Defendant Hoover. ECF No. 55.

On June 16, 2017, Robinson filed an amended complaint which incorporated, in pleading form, the information in his previously filed more definite statement. ECF No. 56. On June 30, 2017, Defendants filed a motion to strike portions of the amended complaint, ECF No. 57, and an answer to the amended complaint. ECF No. 58. For the following reasons, Defendants' motion to strike will be granted in part.

**I.**

At this stage, all well-pleaded allegations in Robinson's amended complaint are assumed to be true. In the amended complaint, Robinson names F/N/U Rainwater, Sergeant Gerald Park, and Genesee County as Defendants. Am. Compl., ECF No. 56. Robinson alleges that he was arrested in August 2011 and charged with "larceny, firearms, home invasion and with the murder of a highly respected retired Genesee County Sheriff Department Lieutenant who arrived home

while the burglary was in process." *Id.* at 3–4. While awaiting trial, Robinson was incarcerated at the Genesee County Jail. *Id.* at 3.

Robinson alleges that, during his incarceration, "he was assaulted, with varying degrees of severity, by [Genesee County Jail] guards 3–4 times per week." *Id.* at 4. "Each and every one of Plaintiff's assailants referenced their relationship with the slain lieutenant as the reason they were assaulting[,] beating, threatening and torturing the Plaintiff." *Id.* Robinson asserts that the assaults "typically involved 3–4 guards" who "on most occasions wore black gloves during the assaults." *Id.* Robinson was allegedly assaulted in his cell, in the common area, and in solitary confinement. *Id.* at 4–5. Sometimes, Robinson was handcuffed before the assaults occurred. *Id.* at 4.

According to Robinson, Defendant Rainwater "was present during Plaintiff's entire period of incarceration at GCJ and frequently bragged about being an MMA amateur fighter. He was a ring-leader and participated in at least 50% of the beatings." *Id.* at 13. Defendant Park, also a "ring-leader," participated in about half the beatings. *Id.* Robinson asserts that Park used his position of authority to condone the assaults and provide "false testimony in the various misconduct hearings." *Id.* at 14. Robinson alleges that Park's employment was terminated because a civil suit exposed Park's chronic mistreatment of inmates. *Id.*

During his incarceration, Robinson was repeatedly placed in solitary confinement (spending a total of seven months in solitary). *Id.* at 5. Robinson alleges that, when falsely accused of charges that would result in solitary confinement, the guards interfered with his ability to defend himself at the hearing. *Id.* at 6. While in solitary confinement, Robinson allegedly experienced repeated abuse, including being denied meals. *Id.* at 5. He also alleges that, on at least one occasion, the water to his cell was turned off and then he was pepper

sprayed. *Id.* at 6. In general, Robinson did not receive medical treatment for his injuries. *Id.* at 11.

Robinson provides several descriptions of specific assaults. For example, he alleges that the first assault occurred four days after his arrest. Robinson was accused of throwing a tissue out of his cell by second shift personnel. When third shift personnel came on duty, they removed Robinson's cellmate, handcuffed Robinson, and beat him. *Id.* at 7. The last assault occurred in October 28, 2013, when Robinson was being transferred to Michigan Department of Corrections custody. While processing Robinson, Rainwater allegedly punched him in the right eye. *Id.* at 12.

Robinson alleges that he kept a journal of the beatings. *Id.* at 8. However, the journal was confiscated when he was placed in solitary confinement and he has not recovered it. *Id.* at 9. Robinson also alleges that he phoned a friend after each attack and informed her. He further alleges that his sister visited him twice and on both occasions saw bruises on his body. *Id.*

Robinson informed both his trial counsel and the presiding judge of his mistreatment. *Id.* at 10–11. Robinson contends that shift supervisors at the jail were aware of the beatings but did not stop the beatings, report the incidents, or otherwise investigate. *Id.* at 12. Robinson alleges that some of the beatings were recorded by surveillance cameras within the jail, but Robinson is unsure if those recordings still exist. *Id.* at 14–15.

**II.**

Pursuant to Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The district court may strike a portion of a pleading on its own, or "on motion made by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* at Rule 12(f)(2). A defense is insufficient "if as a matter of law, the

defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, *2 (E.D. Mich. Nov.1, 2010) (internal quotation marks and citations omitted). A Rule 12(f) motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotation marks and citation omitted). "Generally, however, a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Id.* (internal quotation marks and citation omitted). Motions seeking to strike an affirmative defense are disfavored and should be used sparingly. As observed by the Sixth Circuit, a motion to strike "is a drastic remedy to be resorted to only when required for purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) (internal quotation marks and citations omitted).

### III.

For the reasons stated below, Defendants' motions to strike will be granted in part. In his response to Defendants' motion, Robinson stipulates to dismissal of his conspiracy claim (Count Three of the amended complaint). Accordingly, that claim will be dismissed without prejudice. The remaining allegations which Defendants challenge are all relevant to the controversy framed in the amended complaint and will not be stricken.

### A.

In the motion to strike, Defendants identify ten paragraphs in the amended complaint which they believe should be stricken. Those paragraphs will be briefly summarized. In paragraph 11, Robinson alleges that he was acquitted of the murder of the Genesee County Lieutenant with which he was charged. Am. Compl. at 4. In paragraph 12, Robinson explains

that his co-Defendant pled guilty to murdering the Lieutenant. *Id.* In paragraphs 36, 37, and 61, Robinson briefly mentions Deputy Shaw, who is not named as a Defendant. *Id.* at 7–8, 13. In paragraphs 47 and 48, Robinson summarizes statements that he allegedly made during his criminal prosecution regarding the mistreatment he was experiencing. *Id.* at 10–11. In paragraph 59, Robinson identifies one of his assaulters as F/N/U Hoover, who was originally named as a Defendant but not named in the amended complaint. *Id.* at 13. In paragraph 60, Robinson alleges that Defendant Park was terminated from his employment "as a result of mistreatment of inmates, which was exposed in a civil suit." *Id.* at 14. Finally, paragraph 70 alleges that Robinson's Fifth, Eighth, and Fourteenth Amendment rights were violated. *Id.* at 15–16.

**B.**

Although some of the identified allegations are only tangentially relevant to Robinson's legal theory for relief, they nevertheless bear some relevance. The fact that Robinson was being prosecuted for the murder of a Genesee County Lieutenant provides a plausible motive for Defendants to mistreat him. Likewise, Robinson specifically identifies a number of assaulters who are not named as Defendants. Those allegations provide context for Robinson's assertion that his beatings were condoned and sanctioned by Genesee County Jail officials in positions of authority. Likewise, the allegation that Defendant Park was discharged after chronic mistreatment of inmates was discovered is exceedingly relevant. If true, that allegation suggests that there was a pattern and practice of mistreatment in the jail which Parks had already been found (at least partially) responsible for. And, to the extent Defendants allege that certain evidence identified by Robinson is inadmissible, that argument should be made when Robinson's allegations are challenged on the merits, not in a motion to strike.

Defendants' assertion that paragraph 70 should be stricken merits further discussion. Defendants argue that the Defendants are all state actors and thus that the Fifth Amendment, which is cited in that paragraph, is inapplicable. It is true that the Fifth Amendment expressly applies only to actions of the federal government. But the Supreme Court has repeatedly held that the Fourteenth Amendment (also cited in paragraph 70) "incorporates particular rights contained in the first eight Amendments." *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 763 (2010). Almost all provisions of the Bill of Rights have been incorporated, and the ones which have not bear no relevance to Robinson's claims. *See id.* at 764–65 n.12 & n.13. Thus, most jurisprudential protections in the Fifth Amendment have been applied, via the Fourteenth Amendment, to state actors. Robinson's inclusion of both the Fifth and Fourteenth Amendments in paragraph 70 is best understood as a reference to the Fourteenth Amendment's incorporation of the Fifth Amendment. Considering the "drastic" nature of the remedy and the manifest relevance of most identified allegations, Defendants have not shown that striking the identified paragraphs of the amended complaint is warranted.

### III.

Accordingly, it is **ORDERED** that Defendants' motion to strike, ECF No. 57, is **GRANTED in part.**

It is further **ORDERED** that Count III of the amended complaint is **DISMISSED without prejudice.**

Dated: August 14, 2017                                     s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2017.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager