UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

        Plaintiff,                         Case No. 16-cv-13805

v.                                                  Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

        Defendants.

_____/

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME**

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater, Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated Robinson while he was confined in the Genesee County Jail. ECF No. 1. On April 27, 2018, Defendant Park filed a motion for summary judgment. ECF No. 91. On May 4, 2018, Defendants Parks and Rainwater filed a motion seeking leave to depose MDOC inmate Edward Burley. ECF No. 84. In the motion they indicated that Burley sent defense counsel a letter wherein he represents that he was told by Robinson that the allegations in the complaint are "entirely contrived." *Id.* at 2. The motion was granted. ECF No. 99. Several days later, the Court held a settlement conference. At the conference, the parties discussed a number of aspects of the case, including Mr. Burley's assertion that the allegations in the complaint are fraudulent. At the conclusion of the settlement conference (and after several private discussions with Robinson), Plaintiff's counsel indicated that they would be filing a motion to withdraw as counsel.

On May 29, 2018, that motion was filed. ECF No. 101. Plaintiff's counsel indicate that "an irreconcilable breakdown in the attorney-client relationship" has emerged. *Id.* at 2. The Court directed Plaintiff's counsel to serve their client with the motion, directed Robinson to file a response to the motion, and briefly extended the response deadline for the pending motion for summary judgment. ECF No. 105. Since then, Defendants Rainwater and Genesee County have filed motions for summary judgment. ECF Nos. 112, 113. All three motions for summary judgment have been set for hearing on August 21, 2018.

On June 21, 2018, Robinson filed his response to his counsel's motion to withdraw. ECF No. 119. In the response, Robinson discusses the difficulties of litigating while pro se and incarcerated. For that reason, he opposes the motion to withdraw. Under the Michigan rules of Professional Conduct,

> without material adverse effect on the interests of the client, or if:
>
> ...
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

Mich. R. Prof'l Conduct 1.16(b).

"[W]ithdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009). However, "a district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

Here, given the breakdown in attorney-client communications, good cause for withdrawal exists. Robinson contends that he will be prejudiced by the withdrawal because he is less capable of representing himself. But that kind of potential prejudice is inherent in every motion to withdraw. Plaintiff's counsel represent that continuing to represent Robinson would result in an "unreasonable financial burden." Mot. Withdraw at 6. They further suggest that withdrawal is necessary because "anticipated (per client) evidence . . . has not materialized," suggesting that perhaps their ethical responsibilities have been implicated. The motion to withdraw will be granted.

Plaintiff's counsel have also filed a motion for an extension of time to respond to the pending motions for summary judgment. ECF No. 116. They explain that "responding to these motions would place counsel in conflict." *Id.* at 2. They also argue that, if the motion to withdraw is granted, Robinson should have additional time to seek counsel and/or prepare responses himself. Because the motion to withdraw will be granted, the motion for an extension will also be granted. The response deadline for all three motions for summary judgment will be synchronized and extended until July 20, 2018. Defendants' reply brief deadline will be July 27, 2018, or one week after Plaintiff responds, which comes later. The remainder of the schedule will be unchanged.

Accordingly, it is **ORDERED** that Plaintiff Robinson's motion to withdraw, ECF No. 101, is **GRANTED.**

It is further **ORDERED** that Attorneys Hugh M. Davis's and Cynthia Heenan's representation of Plaintiff Robinson is **TERMINATED.**

It is further **ORDERED** that Plaintiff Robinson's motion for an extension of time, ECF No. 116, is **GRANTED.**

It is further **ORDERED** that Plaintiff Robinson is **DIRECTED** to respond to each of the Defendants' motions for summary judgment, ECF No. 91, 112, 113, **on or before July 20, 2018.**

It is further **ORDERED** that Defendants are **DIRECTED** to reply in support of their motions for summary judgment, if necessary, on or before July 27, 2018, or one week after Plaintiff Robinson responds, **whichever comes later.**

Dated: June 28, 2018                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager