UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

                    Plaintiff,                              Case No. 16-cv-13805

v.                                                         Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

                    Defendants.
_____/

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT, DENYING MOTION
TO PRECLUDE TESTIMONY, AND DENYING MOTION TO RECONSIDER
APPOINTMENT OF COUNSEL**

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that

Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater,

Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated

Robinson while he was confined in the Genesee County Jail. ECF No. 1. Defendant Rainwater

was served on December 16, 2016. In response to the complaint, Rainwater filed a motion for a

more definite statement, ECF No. 6, seeking additional information regarding "which Defendant

allegedly committed what tort and when." *Id.* at 4. On January 16, 2017, the Genesee County

Sheriff's Department appeared for the purpose of filing a motion to dismiss, arguing that a sheriff's

department is not an independent legal entity that is amenable to suit under Michigan law. ECF

No. 14. On January 30, 2017, Robinson filed a motion to substitute Genesee County for the

Sheriff's Department as a Defendant, acknowledging that the Sheriff's Department should not

have been named as a Defendant. On February 14, 2017, Plaintiff filed a motion seeking leave to

file an amended complaint and a motion seeking an extension of the service deadline. ECF Nos.

25, 26.

On March 24, 2017, the Court issued an opinion and order addressing the pending motions. ECF No. 36. Among other things, the Court dismissed the Genesee County Sheriff's Department, but directed Robinson to file an amended complaint which provided a more definite statement and added Genesee County as a Defendant on or before April 7, 2017. Robinson did not file an amended complaint that provided a more definite statement at the deadline. After being directed to show cause why the suit should not be dismissed for failure to provide a more definite statement, *see* ECF No. 40, Robinson filed a more definite statement in narrative form. ECF No. 47. Robinson also requested, for the third time, that the deadline to serve Defendant Hoover be extended. ECF No. 46. On June 2, 2017, the Court granted Robinson another extension of time to file an amended complaint which complied with the previous order to provide a more definite statement, but denied the motion for an extension of time to serve Defendant Hoover. ECF No. 55.

On June 16, 2017, Robinson filed an amended complaint which incorporated, in pleading form, the information in his previously filed more definite statement. ECF No. 56. On June 30, 2017, Defendants filed a motion to strike portions of the amended complaint, ECF No. 57, and an answer to the amended complaint. ECF No. 58. On August 14, 2017, the Court granted in part Defendant's motion to strike portions of the amended complaint, specifically Robinson's conspiracy claim (which Robinson stipulated to dismiss). ECF No. 60.

Defendants Genesee County, Park, and Rainwater filed motions for summary judgment. ECF Nos. 91, 112, 113. Defendant Genesee County also filed a motion to preclude the testimony of two of Robinson's witnesses. ECF No. 104. Robinson filed a motion for reconsideration of appointment of counsel. ECF No. 135. For the following reasons, the motions for summary judgment will be granted and Genesee County's motion to preclude testimony will be denied as

moot. Since Defendants' motions for summary judgment will be granted, Robinson's motion for reconsideration of appointment of counsel will be denied.

## I.

In the amended complaint, Robinson names F/N/U Rainwater, Sergeant Gerald Park, and Genesee County as Defendants. Am. Compl., ECF No. 56. Robinson alleges that he was arrested in August 2011 and charged with "larceny, firearms, home invasion and with the murder of a highly respected retired Genesee County Sheriff Department Lieutenant who arrived home while the burglary was in process." *Id.* at 3–4. While awaiting trial, Robinson was incarcerated at the Genesee County Jail. *Id.* at 3.

Robinson alleges that, during his incarceration, "he was assaulted, with varying degrees of severity, by [Genesee County Jail] guards 3–4 times per week." *Id.* at 4. "Each and every one of Plaintiff's assailants referenced their relationship with the slain lieutenant as the reason they were assaulting[,] beating, threatening and torturing the Plaintiff." *Id.* Robinson asserts that the assaults "typically involved 3–4 guards" who "on most occasions wore black gloves during the assaults." *Id.* Robinson was allegedly assaulted in his cell, in the common area, and in solitary confinement. *Id.* at 4–5. Sometimes, Robinson was handcuffed before the assaults occurred. *Id.* at 4.

According to Robinson, Defendant Rainwater "was present during Plaintiff's entire period of incarceration at GCJ and frequently bragged about being an MMA amateur fighter. He was a ring-leader and participated in at least 50% of the beatings." *Id.* at 13. Defendant Park, also a "ring-leader," participated in about half the beatings. *Id.* Robinson asserts that Park used his position of authority to condone the assaults and provide "false testimony in the various misconduct hearings." *Id.* at 14. Robinson alleges that Park's employment was terminated because a civil suit exposed Park's chronic mistreatment of inmates. *Id.*

During his incarceration, Robinson was repeatedly placed in solitary confinement (spending a total of seven months in solitary). *Id.* at 5. Robinson alleges that, when falsely accused of charges that would result in solitary confinement, the guards interfered with his ability to defend himself at the hearing. *Id.* at 6. While in solitary confinement, Robinson allegedly experienced repeated abuse, including being denied meals. *Id.* at 5. He also alleges that, on at least one occasion, the water to his cell was turned off and then he was pepper sprayed. *Id.* at 6. In general, Robinson did not receive medical treatment for his injuries. *Id.* at 11.

Robinson provides several descriptions of specific assaults. For example, he alleges that the first assault occurred four days after his arrest. Robinson was accused of throwing a tissue out of his cell by second shift personnel. When third shift personnel came on duty, they removed Robinson's cellmate, handcuffed Robinson, and beat him. *Id.* at 7. The last incident occurred on October 30, 2013 when Robinson was being transferred to Michigan Department of Corrections custody.[1] While processing Robinson, Rainwater allegedly punched him in the right eye. *Id.* at 12.

Robinson alleges that he kept a journal of the beatings. *Id.* at 8. However, the journal was confiscated when he was placed in solitary confinement and he has not recovered it. *Id.* at 9. Robinson also alleges that he phoned a friend after each attack and informed her. He further alleges that his sister visited him twice and on both occasions saw bruises on his body. *Id.*

Robinson informed both his trial counsel and the presiding judge of his mistreatment. *Id.* at 10–11. Robinson contends that shift supervisors at the jail were aware of the beatings but did not stop the beatings, report the incidents, or otherwise investigate. *Id.* at 12. Robinson alleges that

___

[1] There is some discrepancy in the record as to the date of this last assault. In his second amended complaint, Robinson claims that it occurred on October 28, 2013. Am. Compl., ECF No. 56. at 12. However, in one of Robinson's depositions, he claims that it occurred October 30, 2013. Def Genesee County's Mot. for Summ. J., ECF 113.3 at 271–272. Robinson seemingly adopts October 30, 2013 as the date of the incident in his later responses to Defendants' motions for summary judgment. Resp. to Def. Rainwater's Mot. for Summ. J., ECF 129 at 1; Resp. to Def. Genesee County's Mot. for Summ. J., ECF 130 at 4. The Court will consider October 30, 2013 the date of the incident since Robinson adopts this date in his deposition and later filings and neither party disputes the discrepancy.

some of the beatings were recorded by surveillance cameras within the jail, but Robinson is unsure if those recordings still exist. *Id.* at 14–15.

## II.

Defendants have now moved for summary judgment. A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## III.

Robinson is currently representing himself as a pro se plaintiff. As the Sixth Circuit stated in *United States v. McKinney*, "[w]e do not require a pro se party to meet the same standards in the presentation of his argument as we apply to attorneys." 375 Fed. Appx. 479, 481 (6th Cir. 2010). As an incarcerated pro se plaintiff, the court must give Robinson an opportunity to offer supporting evidence, "however inartfully pleaded." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Defendant Genesee County argues that Robinson abandoned some of his claims by not addressing them in his response to Genesee County's motion for summary judgment. Def. Genesee County's Reply, ECF No. 131 at 1. However, Rule 56(e) of the Federal Rules of Civil Procedure grants a

court discretion when one party has failed to address an assertion raised in a motion for summary judgment. Fed. R. Civ. P. 56(e). Due to plaintiff's status as a pro se plaintiff, his claims will be decided on the merits and will not be dismissed on this procedural basis. Defendants further argue that Robinson's responses should not be considered because they were filed late without adequate excuse. Def. Rainwater's Reply, ECF No. 133 at 1; Def. Genesee County's Reply, ECF No. 131 at 1; Def. Parks Reply, ECF No. 132 at 1. Robinson is incarcerated and has limited access to resources necessary for litigation. The court excuses the delay in his filings.

The summary judgment motions of each defendant will be discussed in turn.

### A.

Genesee County (the County) moves for summary judgment on the grounds that Robinson's claims are time-barred and that as a municipality, the County cannot be held liable under Robinson's Section 1983 claims nor his Michigan common law tort claims. Def. Genesee County's Mot. for Summ. J., ECF 113. For the following reasons, the County's motion for summary judgment will be granted.

### 1.

Genesee County argues that Robinson's Section 1983 claim should be dismissed because it is time-barred. Def. Genesee County's Mot. for Summ. J., ECF No. 113 at 14. Section 1983 does not specify a statute of limitations for its claims. *Owens v. Okure*, 488 U.S. 235, 239 (1989). Where federal law is silent, such as here, Section 1988(a) directs federal courts to borrow law from the forum state. 42 U.S.C. §1988(a). In the past though, this led to inconsistencies because federal courts sitting in the same state would borrow different state statutes of limitations for Section 1983 claims. Parties were uncertain as to which state statute of limitations would govern their Section

1983 claim since the courts would characterize each claim and determine which state statute of limitations was the most appropriate. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).

In response to this, the Supreme Court in *Wilson v. Garcia* held that Section 1983 claims should be characterized as personal injury actions and that the applicable state personal injury laws would apply. *Id.* at 276. The Court anticipated that this would create more uniformity because within each state, every federal court deciding a Section 1983 claim would apply the same statute of limitations. *See id.* at 275.

However, the law still remained inconsistent within the states because many states had multiple statutes of limitations for personal injury actions. The Supreme Court clarified its approach in *Owens v. Okure*, 488 U.S. 235 (1989), where it held that if "state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. Following *Wilson* and *Owens*, the Sixth Circuit adopted Michigan's personal injury three-year statute of limitations for claims brought pursuant to Section 1983. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *Goldsmith v. Sharrett*, 614 Fed.Appx. 824, 827 (6th Cir. 2015); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005).

Michigan Compiled Law Service §600.5805 defines the statute of limitations for "[i]njuries to persons or property" and it is from this statute that the Sixth Circuit adopted the three year statute of limitations for Section 1983 claims. *Carroll*, 782 F.2d at 45. The County argues that instead of applying a three-year statute of limitations, the Court should apply the two-year statute of limitations found in Mich. Comp. Laws §600.5805(9).[2] The County reasons that Subsection (9) is

---

[2] In its motion for summary judgment, Genesee County cites to Mich. Comp. Laws §600.5805(7). However, this subsection makes no mention of law enforcement officers or sheriffs. Instead, this language is found in Mich. Comp. Laws §600.5805(9).

the most appropriate law because it applies to claims against law enforcement officers. The County reasons that Subsection (9) is an outlier to the rest of the subsections within the statute because "it focuses on the *defendant* or the *actor* involved, not the underlying nature of the conduct." Def. Genesee County M. for Summ. J., ECF 113 at 9. The County argues that Subsection (9) should serve as the "residual" statute of limitations for Section 1983 actions against law enforcement officers. *Id*; *see Owens* 488 U.S. at 250. It reasons that this interpretation of the law would not create the confusion that prompted *Wilson* because there would be no difficulty in characterizing a Section 1983 claim against a law enforcement officer. Def. Genesee County M. for Summ. J., ECF 113 at 9–10. If the claim involved a law enforcement officer, Subsection (9) would automatically apply and the statute of limitations would be two years. *See id.*

However, the County has not presented any case law or legislative history as to why Subsection (9) should be considered an exception to precedent. Adopting this interpretation would depart from Sixth Circuit precedent prescribing a three-year statute of limitations for Section 1983 claims. The relevant Sixth Circuit case law does not consider the status or characteristics of the parties in question when determining the appropriate statute of limitations. Instead, federal courts within Michigan are to apply a three-year statute of limitations when presented with a Section 1983 claim. Furthermore, creating a separate class of defendants under Mich. Comp. Laws §600.5805 would frustrate the intent of *Wilson. Wilson* 471 U.S. at 275. The Supreme Court intended to promote uniformity among federal courts within each state, not to create more categories for determining statutes of limitations. *Id.*

The County cites to *McCloskey* in which the court held that the "statute of limitations for any claim against an officer is two years." *McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341 (E.D. Mich. Jan. 31, 2007). However, the County has taken this quote out of context. The

plaintiff in the cited case had brought both state law claims and a Section 1983 claim against police officers. The court applied Michigan's two-year statute of limitations law for the state law claims, but applied the three-year statute of limitations statute for the Section 1983 claim. The court specifically stated "Defendants fail to recognize or acknowledge that the Sixth Circuit, following Supreme Court case law, has abandoned the practice of finding the 'most appropriate' state statute of limitations for 1983 claims in favor of a more certain standard." *Id.* at 9.

The County goes on to argue that regardless of whether law enforcement officers should be considered a different class of persons, the two-year statute of limitations in Subsection (9) should be adopted to promote federalism. *Id.* at 10. The County essentially argues that the most appropriate standard in this case would be the approach used prior to *Wilson* and the one articulated in the dissents of *Wilson*. Def. Genesee County Mot. for Summ. J., ECF 113 at 11. The County emphasizes that federal courts should rely upon states to set their own statutes of limitations. *Id.* However, the Court *is* relying upon Michigan's statute of limitations by adopting its three year personal injury statute of limitations. Most importantly, adopting a three year statute of limitations complies with well-established Sixth Circuit precedent.

It is possible that Robinson's claims about mistreatment prior to October 30, 2013 may still be brought. Robinson claims that he was abused on multiple occasions during his incarceration at Genesee County Jail. Am. Compl., ECF No. 56. Under the doctrine of continuing violation, a statute of limitations will not bar a claim when the violation has occurred over a period of time, even when some of the violation occurred prior to the expiration of the statute of limitations. *Sharpe v. Cureton*, 319 F.3d 259, 267 (2003). To meet this standard, the plaintiff must prove that: (1) defendant's wrongful conduct continued after the precipitating event that began the pattern; (2) injury to the plaintiff must continue to accrue after that event; (3) further injury to the plaintiff

must have been avoidable if the defendants had at any time ceased their wrongful conduct. *Tolbert v. Ohio DOT*, 172 F.3d 934, 940 (6th Cir. 1999). In addition, there are two categories of violations: (1) those alleging serial violations and (2) those identified with a longstanding and demonstrable policy of discrimination. *Sharpe*, 319 F.3d at 266. Robinson's claims would presumably fall under the first category of alleging serial violations.

However, the Sixth Circuit rarely extends the continuing violation doctrine to Section 1983 actions. *Id.* at 267 ("This Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to §1983 actions"); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, n. 3 (6th Cir. 1995) ("Courts have been extremely reluctant to apply this [continuing violation] doctrine outside of the context of Title VII."). This creates a high bar for Robinson to prove that the incidents prior to October 30, 2013 constituted a continuing violation. In *Goldsmith v. Sharrett*, the Supreme Court distinguished a continuing violation from discrete events. "Continuing violations in the Section 1983 context are akin to hostile-work environment claims where the harm 'cannot be said to occur on any particular day' and individual incidents are not actionable on their own." *Goldsmith v. Sharrett*, 614 Fed. Appx. 824, 828–829 (6th Cir. 2015) quoting *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 114 (2002). When the alleged "continuing violation" consists of actions that are actionable on their own, they do not qualify in the aggregate as a continuing violation.

Robinson alleges that, during his incarceration, "he was assaulted, with varying degrees of severity, by [Genesee County Jail] guards 3–4 times per week" and repeatedly placed in solitary confinement. Am. Compl., ECF No. 56. at 4–5. Each of these assaults would be actionable on their own. Indeed, the only incident that falls within the statute of limitations is actionable on its own, the assault on October 30, 2013. Since the rest of the incidents predating the statute of limitations

were discrete actions, they do not qualify in the aggregate as a continuing violation and are thus time-barred.

Ultimately, the statute of limitations for Robinson's §1983 claim is three years. As discussed above, the Sixth Circuit has adopted a three year statute of limitations for §1983 claims. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Since Robinson filed his complaint on October 26, 2016, the only incident that falls within this time frame is the alleged assault by Defendant Rainwater on October 30, 2013. Am. Compl., ECF No. 56. at 12; Def. Genesee County's Mot. for Summ. J., ECF 113.3 at 271–272. This is the only incident for which the County could potentially be found liable.

The statute of limitations is different for Robinson's Michigan common law claims of assault and battery and intentional infliction of emotional distress. As held in *McCloskey*,

> Michigan statutory law pertaining to the statute of limitations associated with assault and battery claims and causes of action against law enforcement officers arising out of their misconduct is clear and unequivocal. The statute of limitations for any claim against an officer is two years.

> *McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341 (E.D. Mich. Jan. 31, 2007)

(holding that the statute of limitations for plaintiff's Michigan common law assault and battery claims was two years, but that the statute of limitations for plaintiff's Section 1983 claims was three years). According to Robinson, the last alleged incident occurred on October 30, 2013 and Robinson filed his complaint on October 26, 2016. Am. Compl., ECF No. 56 at 12. This exceeds two years and thus is time-barred.

**2.**

This leaves only Robinson's Section 1983 claim to be resolved. Though it is not time-barred, it cannot succeed because the County is a municipality. This shields the County from liability under Robinson's Section 1983 claims and his Michigan common-law tort claims.

To find a municipality liable under a Section 1983 claim, it must be examined under a two pronged inquiry. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). First, whether the plaintiff has asserted the deprivation of a constitutional right. *Id.* Second, whether the county is responsible for that violation. *Id.* For liability to attach, both requirements must be met. *Id.* For purposes of surviving summary judgment, Plaintiff has fulfilled the first requirement by claiming that the County violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Pl.'s Second Am. Compl., ECF No. 56 at 16.

This leaves the second requirement to consider. A plaintiff may not recover against a municipality on a Section 1983 claim on a theory of respondeat superior. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, if a party wishes to hold a municipality liable, it must prove that municipality officials adopted a policy or custom that violated the plaintiff's constitutional rights. *Id.* at 690–691. The custom does not have to be approved through official channels. *Id.* at 691. Rather, it should be considered a legal institution that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (quoting *Monell*, 436 U.S. at 691). However, proving alone that a custom existed is not enough to find a municipality liable. The plaintiff must also demonstrate that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "It must reflect a course of action deliberately chosen from among various alternatives." *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996).

The Sixth Circuit has identified four ways in which a plaintiff may demonstrate that a municipality's custom or usage is illegal. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). They are:

(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Id.* The County correctly states that Robinson's allegations fall under the fourth category because in his second amended complaint, Robinson claims that the County administration and staff "tolerated, condoned and/or encouraged the abuse of Plaintiff." Pl.'s Second Am. Compl., ECF No. 56 at 16; Def. Genesee County's Mot. for Summ. J., ECF 113 at 16. To succeed on a claim of inaction under the fourth category, the plaintiff must show deliberate indifference on the part of the defendant. *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996). It must amount to more than a collection of "sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference." *Id.* The plaintiff must demonstrate that the municipality had a pattern of inadequately investigating similar claims. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

A survey of Robinson's evidence indicates that he has presented insufficient evidence to raise a triable issue of fact as to whether the County adopted a policy or custom of physically assaulting him. He claims that the jail administration and staff "tolerated, condoned and/or encouraged the abuse of Plaintiff," but there is no evidence supporting his allegation. Pl.'s Second Am. Compl., ECF No. 56 at 16. Robinson sets forth similar allegations in a letter he presented at his criminal trial, but this letter was never authenticated or entered into evidence. Pl.'s Resp. to Def. Genesee County's M. for Summ. J., ECF 130, Ex. A. Robinson's attorney read the letter, but refused to sign it. *Id.*, Ex. B. The judge at the proceeding declined to even read the letter. *Id.* The same is true for the letter written by his sister, Alisha Robinson. *Id.*, Ex. D. Though it alleges that Robinson was being assaulted, the letter is not notarized and thus cannot be considered as evidence. *Id.*

Robinson's journal entries cannot be admitted because they are hearsay. Fed. R. Evid. 801(c). He is offering the entries to prove the truth of the matter asserted (that he was abused by deputies). Pl.'s Resp. to Def. Genesee County's M. for Summ. J., ECF 130, Ex. C.

Robinson includes a news clipping describing a lawsuit against Deputy Parks for assaulting an inmate. *Id.*, Ex. E. This evidence does more to hurt Robinson's claim than to help it because it demonstrates that the County disciplined Parks when it learned of his misconduct. It tends to show that the County in fact did *not* have a pattern of inadequately investigating claims and thus, does not constitute a custom or policy of assaulting Robinson. The incident report (Exhibit F) similarly weakens Robinson's claim. *Id.*, Ex. F. The report documents an incident between Robinson and county deputies in which Robinson allegedly lunged preemptively at the officers. *Id.* The officers used physical force and OC spray to subdue Robinson before taking him to the Restricted Housing Unit. This report indicates that the physical force used against Robinson in this instance was not malicious or vengeful, but rather necessary in order to restrain him. It does not demonstrate a custom or policy of physical abuse of Robinson. To the contrary, it indicates that the county jail has a system in place for reporting the use of physical force against inmates.

The presentence investigation report does not supply any evidence of a custom or policy of physical assaults against Robinson. *Id.*, Ex. G. Rather, it is Robinson's musings on life and his outlook in prison. Similarly, the court transcript in Exhibit H provides no evidence of physical abuse by the County. *Id*, Ex. H. The excerpt provides insufficient context to determine why Robinson claims he was improperly placed in the Restrictive Housing Unit.

*Monell* sets a high bar for plaintiffs wishing to bring a Section 1983 claim against a municipality and it will rarely survive a summary judgment motion. *Hanson v. Madison County Detention Center, et al.*, 2018 WL 2324252 (6th Cir. 2018). The municipality must be engaging in

a custom that harms plaintiff's rights and do so in a deliberate fashion. Robinson has not presented sufficient evidence to create a material issue of fact as to whether the County had a custom or policy of physically assaulting Robinson.

In response to Robinson's Michigan tort law claims, the County argues that it cannot be found liable for assault and battery and intentional infliction of emotional distress. As discussed above, Robinson's Michigan tort law claims are time-barred. *See* Section III.A.1. However, even if the claims were not time-barred, the County correctly asserts that it cannot be found liable under these claims because it is granted immunity as a governmental agency. Def. Genesee County's Mot. for Summ. J., ECF No. 113 at 24. Under Michigan law, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Mich. Comp. Laws §691.1407(1). A governmental function is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." Mich. Comp. Laws §691.1401(b). The Supreme Court of Michigan has held that the operation of a county jail is a governmental function for purposes of Mich. Comp. Laws §691.1407. *Lockaby v. Wayne County*, 276 N.W.2d 1, 14–15 (1979). Furthermore, a governmental agency cannot be held vicariously liable for the intentional torts of its employees.

The County cannot be found liable for the actions of employees of Genesee County Jail because the operation of the jail is a governmental function. Employing deputies to guard and supervise inmates is part of the operation of the jail and thus the County is still within the scope of its immunity. Furthermore, even if Defendants Rainwater and Parks engaged in tortious behavior, the County could not be found liable because the alleged behavior constitutes an intentional tort.

Robinson's claims against the County will be dismissed. Since the case will consequently not be tried, the Court will deny as moot the County's motion to preclude testimony.

**B.**

Defendant Rainwater moves for summary judgment on the grounds that Robinson's suit is time-barred and that Robinson has not presented adequate evidence to demonstrate an issue of material fact. Def. Rainwater's Mot. for Summ. J., ECF 112. For the following reasons, Rainwater's motion for summary judgment will be granted.

**1.**

Similar to the County, Rainwater contends that Robinson's claims are time-barred by Mich. Comp. Law 600.5805(9) which sets the statute of limitations at two years for actions against law enforcement officers. As discussed above, the two year statute of limitations for law enforcement officers does not apply to Robinson's Section 1983 claims. *See* Section III.A.1. Consistent with 6th Circuit precedent, a three year statute of limitations applies to Robinson's Section 1983 claims. *Id.* However, the two year statute of limitations does apply to Robinson's Michigan common law claims of assault and battery and intentional infliction of emotional distress. *See* Section III.A.1. These state common law claims are time-barred because Robinson filed his claim more than two years after the last alleged incident.

**2.**

This leaves only Robinson's Section 1983 claims to be resolved. Robinson claims that Rainwater "participated in the repeated beatings and assault of Plaintiff…over a period of two and a half years." *Id.* at 2. The last alleged incident occurred on October 30, 2013 and is the only incident within the three year statute of limitations of Robinson's Section 1983 claim. *Id.* at 12. Though Robinson claims that this was only the last of a long series of assaults, as discussed above,

he cannot succeed on a claim under the doctrine of continuing violation. Section III.A.1. Thus, the only actionable incident is this final incident with Robinson on October 30, 2013.

As to this alleged incident, there is no material issue of fact as to whether it occurred. Rainwater presented the jail's shift log for October 30, 2013 showing that he was not on duty the morning Robinson alleges Rainwater assaulted him. Def. Rainwater's Mot. for Summ. J., ECF No. 112-6. This shift log is not dispositive, but it indicates that Rainwater was not present at the jail at the time of the alleged incident. Robinson has not presented any evidence that Rainwater was present at that time. He only alleges that Rainwater assaulted him that morning in the jail. Am. Compl., ECF No. 56 at 12. He also mentions that sometimes guards arrive at the prison before their shift to use the gym. Pl.'s Resp. to Def. Rainwater's Mot. for Summ. J., ECF No. 129 at 5. However, he has presented no evidence that Rainwater arrived prior to his shift that day to use the gym or for any other purpose.

Robinson alleges that two eye witnesses, Quadrell Marquon Montgomery and D'Angelo Evans, can corroborate Robinson's claims that Rainwater assaulted him. Pl.'s Resp. to Def. Rainwater's Mot. for Summ. J., ECF 129 at 4. However, Robinson has provided no affidavits nor depositions from either of these individuals and thus they cannot be considered as evidence. Robinson also claims that Steven Banks, a former employee of Genesee County Sheriff's Office, can attest to the fact that the jail mistreated Robinson. However, Robinson has provided no affidavits nor depositions from Mr. Banks and this allegation alone cannot create an issue of material fact.

Rainwater presents the expert opinion of Dr. Steven R. Buchman, a craniofacial specialist. Def. Rainwater's Mot. for Summ. J., ECF. 112-4. For an expert opinion submitted at the summary judgment phase, the opinion must be more than "a conclusory assertion about the ultimate legal

issues." *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 663–664 (6th Cir. 2005). It must set forth facts and a logical line of reasoning. *Id.* Dr. Buchman analyzed a photograph of Robinson that was taken a few hours after the alleged assault by Rainwater. Def. Rainwater's Mot. for Summ. J., ECF. 112–4. Dr. Buchman stated in an affidavit that "[t]here is no suggestion or indication that the subject of the photo incurred a punch to the right side of his face two or more hours prior to the photo being taken." *Id.*

Dr. Buchman's findings are compelling and Robinson presents no evidence calling them into question. Robinson refers to "a lot of experts on the internet" who state that it is normal for bruising to not appear until the next day for those who are African American. Pl.'s Resp. to Def. Rainwater's Mot. for Summ. J., ECF 129 at 3. For purposes of Robinson's argument, these internet sources must be considered expert witnesses. However, these internet sources do not qualify as expert witnesses under Rule 702 of the Federal Rules of Evidence and thus cannot be considered. Fed. R. Evid. 702; *Portwood v. Montgomery County*, 2014 U.S. Dist. LEXIS 168620, 19 (M.D. Tenn. 2014) (stating that an expert opinion offered at the summary judgment stage is held to the same standard as Rule 702 of the Federal Rules of Evidence).

Contrary to Rainwater's argument, Robinson's statement to a nurse at the MDOC facility does not prove that the October 30, 2013 assault did not occur. Robinson told the nurse, "I was assaulted in the county jail 2 years ago and since then I have been having headaches ever since then." Def. Rainwater's Mot. for Summ. J., ECF No. 112-8. He stated that the assault occurred two years prior, but did not mention the alleged assault that happened a little over a month prior. Robinson has filed an affidavit clarifying that in the statement he was referring to the first assault. His statement to the nurse cannot be construed as definitively excluding the possibility that subsequent assaults occurred. Though a party "may not create a factual issue by filing an affidavit,

after a motion for summary judgment has been made," this is only applicable when the affidavit contradicts the party's earlier deposition testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). In a deposition, Robinson stated that he was truthful with the MDOC staff, which would presumably include his statement to the nurse. However, Robinson's subsequent affidavit does not contradict his prior statement to the nurse. Rather, the affidavit clarifies the prior statement.

Regardless of the meaning of Robinson's statement to the nurse, Rainwater has presented sufficient evidence to succeed on his motion for summary judgment. Robinson has not demonstrated that a material issue of fact exists for his claims. Rainwater's motion for summary judgment will be granted.

## C.

Defendant Parks moves for summary judgment on the grounds that Robinson's suit is time-barred since none of the alleged misconduct by Parks occurred within the three year statute of limitations. Def. Parks' Mot. for Summ. J., ECF 91 at 6. In both a deposition and his response, Robinson states that Parks participated in multiple assaults against him prior to October 26, 2013. Def. Parks' Mot. for Summ. J., ECF 91–2; Pl.'s Resp. to Def. Parks' Mot. for Summ. J. ECF 128 at 2. These incidents fall beyond the three year statute of limitations for Section 1983 claims and well beyond the two year statute of limitations for Michigan common law tort claims against a law enforcement officer.

Robinson alleges that regardless of this, Parks was aware of the abuse when Rainwater assaulted him on October 30, 2013. *Id.* Though not articulated as such, Robinson is essentially claiming that Parks is liable for Rainwater's assault under a theory of respondeat superior.

However, a Section 1983 claim must be based on more than a theory of respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Instead,

> a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'

*Id.* quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Robinson alleges that Parks failed to inform his superiors of prior assaults against Robinson and even personally participated in some of the attacks. Pl.'s Resp. to Def. Parks' Mot. for Summ. J. ECF 128 at 2. However, these prior incidents fall outside of the statute of limitations. It is possible that Parks could still be found liable for encouraging, implicitly authorizing, or knowingly acquiescing to Rainwater's assault against Robinson on October 30, 2013. However, Robinson has not presented evidence creating a material issue of fact. He presents his allegations alone without supporting evidence as to the culpability of Parks.

### D.

Robinson filed a response to Defendants' reply without first receiving leave from the Court to do so. ECF No. 136. Under the Local Rules, the court may strike such a response. L.R. 7.1(c); L.R. Comment ("Attempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1."). Robinson is owed some amount of leniency as a pro se plaintiff so his response will be considered. Even with Robinson's additional arguments, Defendants' motions for summary judgment will be granted.

Robinson claims that he attempted to notify others of the abuse he received at Genesee County Jail. ECF No. 136 at 2. He references a proceeding in criminal court in which his attorney asks for a change of venue because Robinson fears that he will not receive a fair trial. *Id.*, Ex. 9.

Contrary to Robinson's allegations, no mention is made of Robinson's abuse at the county jail. *Id.* Instead, the proceeding is only concerned with the issue of whether Robinson will receive a fair trial in Genesee County. The change of venue request was not presented as a solution to the alleged abuse at the jail. *Id.* The closest indication that the request was due to a legitimate concern about abuse is from another court proceeding. *Id.*, Ex. 11. Mr. Skinner, Robinson's then attorney, stated "My expectation is – (sic) client on direct is going to testify that he was beat up by sheriff's deputies at the jail and that's one of the reasons he filed a motion for change and venue." This is only an expectation that Mr. Skinner is expressing. Plaintiff has presented no evidence that on direct examination, he alleged that he was facing abuse at the jail. Even if he were to present such evidence, the related claims would be time-barred.

Robinson presents excerpts of depositions from various individuals stating that they witnessed deputies abusing Robinson. *Id.*, Exs. 2, 6, 10, and 15. None of the witnesses claim to have seen Defendant Rainwater attack Robinson on October 30, 2013. Instead, they all speak of isolated incidents that occurred prior to this time. As discussed above, the statute of limitations has passed for any prior incidents and any associated claims are time-barred.

### E.

In Robinson's response to Defendants' Motion to Strike, Robinson stipulated to dismissal of his conspiracy claim. Pl.'s Resp. to Defs.' Mot. to Strike, ECF 59 at 1. For this reason, the conspiracy claim will not be considered.

Defendants have provided sufficient evidence to succeed in their motions for summary judgment. For this reason, the veracity of Edward Burley's testimony will not be considered.

### IV.

Accordingly, it is **ORDERED** that Defendants' motions for summary judgment, ECF Nos. 91, 112, and 113, are **GRANTED**.

It is further **ORDERED** that Defendant Genesee County's motion to preclude testimony, ECF No. 104, is **DENIED** as moot.

It is further **ORDERED** that Robinson's motion for reconsideration of appointment of counsel, ECF No. 135, is **DENIED**.

It is further **ORDERED** that Counts One, Two, Three, and Four of Plaintiff Robinson's second amended complaint, ECF No. 56, is **DISMISSED**.


Dated: August 30, 2018                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2018.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager