UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON ANTWAUN ROBINSON,

                Plaintiff,                Case No. 16-cv-13805

v.                                                  Honorable Thomas L. Ludington

GENESEE COUNTY SHERIFF'S
DEPARTMENT, et al,

                Defendants.
_____/

## ORDER DENYING MOTION FOR ATTORNEY FEES

On October 26, 2016, Plaintiff Aaron Robinson filed a complaint which alleged that Defendants Genesee County Sheriff's Department, Sergeant Gerald Park, Deputy Ryan Rainwater, Deputy F/N/U Hoover, and ten other John Does repeatedly beat and otherwise mistreated Robinson while he was confined in the Genesee County Jail. ECF No. 1. Defendant Rainwater was served on December 16, 2016. In response to the complaint, Rainwater filed a motion for a more definite statement seeking additional information regarding "which Defendant allegedly committed what tort and when." ECF No. 6 at 4. On January 16, 2017, the Genesee County Sheriff's Department appeared for the purpose of filing a motion to dismiss, arguing that a sheriff's department is not an independent legal entity that is amenable to suit under Michigan law. ECF No. 14. On January 30, 2017, Robinson filed a motion to substitute Genesee County for the Sheriff's Department as a Defendant, acknowledging that the Sheriff's Department should not have been named as a Defendant. On February 14, 2017, Plaintiff filed a motion seeking leave to file an amended complaint and a motion seeking an extension of the service deadline. ECF Nos. 25, 26.

On March 24, 2017, the Court issued an opinion and order addressing the pending motions. ECF No. 36. Among other things, the Court dismissed the Genesee County Sheriff's Department, but directed Robinson to file an amended complaint which provided a more definite statement and added Genesee County as a Defendant on or before April 7, 2017. Robinson did not file an amended complaint that provided a more definite statement at the deadline. After being directed to show cause why the suit should not be dismissed for failure to provide a more definite statement, *see* ECF No. 40, Robinson filed a more definite statement in narrative form. ECF No. 47. Robinson also requested, for the third time, that the deadline to serve Defendant Hoover be extended. ECF No. 46. On June 2, 2017, the Court granted Robinson another extension of time to file an amended complaint which complied with the previous order to provide a more definite statement, but denied the motion for an extension of time to serve Defendant Hoover. ECF No. 55.

On June 16, 2017, Robinson filed an amended complaint which incorporated, in pleading form, the information in his previously filed more definite statement. ECF No. 56. On June 30, 2017, Defendants filed a motion to strike portions of the amended complaint, ECF No. 57, and an answer to the amended complaint. ECF No. 58. On August 14, 2017, the Court granted in part Defendant's motion to strike portions of the amended complaint, specifically Robinson's conspiracy claim (which Robinson stipulated to dismiss). ECF No. 60.

In April and June of 2018, Defendants Genesee County, Park, and Rainwater filed motions for summary judgment. ECF Nos. 91, 112, 113. The Court granted the motions and Plaintiff's claim was dismissed. ECF No. 138.

Defendants have now filed a joint motion for an award of attorney fees. ECF No. 141. They claim that recovery is merited because Plaintiff's claims were time-barred and frivolous and

because Plaintiff committed fraud upon the Court. *Id.* For the following reasons, the motion will be denied.

## I.

### A.

The facts of the case are as follows. In the amended complaint, Robinson names F/N/U Rainwater, Sergeant Gerald Park, and Genesee County as Defendants. Am. Compl., ECF No. 56. Robinson alleges that he was arrested in August 2011 and charged with "larceny, firearms, home invasion and with the murder of a highly respected retired Genesee County Sheriff Department Lieutenant who arrived home while the burglary was in process." *Id.* at 3–4. While awaiting trial, Robinson was incarcerated at the Genesee County Jail. *Id.* at 3.

Robinson alleges that, during his incarceration, "he was assaulted, with varying degrees of severity, by [Genesee County Jail] guards 3–4 times per week." *Id.* at 4. "Each and every one of Plaintiff's assailants referenced their relationship with the slain lieutenant as the reason they were assaulting[,] beating, threatening and torturing the Plaintiff." *Id.* Robinson asserts that the assaults "typically involved 3–4 guards" who "on most occasions wore black gloves during the assaults." *Id.* Robinson was allegedly assaulted in his cell, in the common area, and in solitary confinement. *Id.* at 4–5. Sometimes, Robinson was handcuffed before the assaults occurred. *Id.* at 4.

According to Robinson, Defendant Rainwater "was present during Plaintiff's entire period of incarceration at GCJ and frequently bragged about being an MMA amateur fighter. He was a ring-leader and participated in at least 50% of the beatings." *Id.* at 13. Defendant Park, also a "ring-leader," participated in about half the beatings. *Id.* Robinson asserts that Park used his position of authority to condone the assaults and provide "false testimony in the various misconduct hearings." *Id.* at 14. Robinson alleges that Park's employment was terminated because a civil suit exposed Park's chronic mistreatment of inmates. *Id.*

During his incarceration, Robinson was repeatedly placed in solitary confinement (spending a total of seven months in solitary). *Id.* at 5. Robinson alleges that, when falsely accused of charges that would result in solitary confinement, the guards interfered with his ability to defend himself at the hearing. *Id.* at 6. While in solitary confinement, Robinson allegedly experienced repeated abuse, including being denied meals. *Id.* at 5. He also alleges that, on at least one occasion, the water to his cell was turned off and then he was pepper sprayed. *Id.* at 6. In general, Robinson did not receive medical treatment for his injuries. *Id.* at 11.

Robinson provides several descriptions of specific assaults. For example, he alleges that the first assault occurred four days after his arrest. Robinson was accused of throwing a tissue out of his cell by second shift personnel. When third shift personnel came on duty, they removed Robinson's cellmate, handcuffed Robinson, and beat him. *Id.* at 7. The last incident occurred on October 30, 2013 when Robinson was being transferred to Michigan Department of Corrections custody.[1] While processing Robinson, Rainwater allegedly punched him in the right eye. *Id.* at 12.

Robinson alleges that he kept a journal of the beatings. *Id.* at 8. However, the journal was confiscated when he was placed in solitary confinement and he has not recovered it. *Id.* at 9. Robinson also alleges that he phoned a friend after each attack and informed her. He further alleges that his sister visited him twice and on both occasions saw bruises on his body. *Id.*

Robinson informed both his trial counsel and the presiding judge of his mistreatment. *Id.* at 10–11. Robinson contends that shift supervisors at the jail were aware of the beatings but did not stop the beatings, report the incidents, or otherwise investigate. *Id.* at 12. Robinson alleges that

---

[1] There is some discrepancy in the record as to the date of this last assault. In his second amended complaint, Robinson claims that it occurred on October 28, 2013. Am. Compl., ECF No. 56. at 12. However, in one of Robinson's depositions, he claims that it occurred October 30, 2013. Def Genesee County's Mot. for Summ. J., ECF 113.3 at 271–272. Robinson seemingly adopts October 30, 2013 as the date of the incident in his later responses to Defendants' motions for summary judgment. Resp. to Def. Rainwater's Mot. for Summ. J., ECF 129 at 1; Resp. to Def. Genesee County's Mot. for Summ. J., ECF 130 at 4. The Court will consider October 30, 2013 the date of the incident since Robinson adopts this date in his deposition and later filings and neither party disputes the discrepancy.

some of the beatings were recorded by surveillance cameras within the jail, but Robinson is unsure if those recordings still exist. *Id.* at 14–15.

**B.**

Each Defendant filed a separate motion for summary judgment. All argued that Plaintiff's complaint was time-barred because he brought it after the three-year statute of limitations expired on his Section 1983 claims. The County and Rainwater argued that Plaintiff's Section 1983 claim had a two-year statute of limitations because it was against a law enforcement officer. Much of Defendants' motion for an award of attorney fees stems from this issue. As such, a portion of the Court's opinion is reproduced below.

> Genesee County argues that Robinson's Section 1983 claim should be dismissed because it is time-barred. Def. Genesee County's Mot. for Summ. J., ECF No. 113 at 14. Section 1983 does not specify a statute of limitations for its claims. *Owens v. Okure*, 488 U.S. 235, 239 (1989). Where federal law is silent, such as here, Section 1988(a) directs federal courts to borrow law from the forum state. 42 U.S.C. §1988(a). In the past though, this led to inconsistencies because federal courts sitting in the same state would borrow different state statutes of limitations for Section 1983 claims. Parties were uncertain as to which state statute of limitations would govern their Section 1983 claim since the courts would characterize each claim and determine which state statute of limitations was the most appropriate. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).
>
> In response to this, the Supreme Court in *Wilson v. Garcia* held that Section 1983 claims should be characterized as personal injury actions and that the applicable state personal injury laws would apply. *Id.* at 276. The Court anticipated that this would create more uniformity because within each state, every federal court deciding a Section 1983 claim would apply the same statute of limitations. *See id.* at 275.
>
> However, the law still remained inconsistent within the states because many states had multiple statutes of limitations for personal injury actions. The Supreme Court clarified its approach in *Owens v. Okure*, 488 U.S. 235 (1989), where it held that if "state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. Following *Wilson* and *Owens*, the Sixth Circuit adopted Michigan's personal injury three-year statute of limitations for claims brought pursuant to Section 1983. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *Goldsmith v. Sharrett*, 614 Fed.Appx. 824, 827 (6th Cir. 2015);

*Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005).

Michigan Compiled Law Service §600.5805 defines the statute of limitations for "[i]njuries to persons or property" and it is from this statute that the Sixth Circuit adopted the three year statute of limitations for Section 1983 claims. *Carroll*, 782 F.2d at 45. The County argues that instead of applying a three-year statute of limitations, the Court should apply the two-year statute of limitations found in Mich. Comp. Laws §600.5805(9).[2] The County reasons that Subsection (9) is the most appropriate law because it applies to claims against law enforcement officers. The County reasons that Subsection (9) is an outlier to the rest of the subsections within the statute because "it focuses on the *defendant* or the *actor* involved, not the underlying nature of the conduct." Def. Genesee County M. for Summ. J., ECF 113 at 9. The County argues that Subsection (9) should serve as the "residual" statute of limitations for Section 1983 actions against law enforcement officers. *Id*; *see Owens* 488 U.S. at 250. It reasons that this interpretation of the law would not create the confusion that prompted *Wilson* because there would be no difficulty in characterizing a Section 1983 claim against a law enforcement officer. Def. Genesee County M. for Summ. J., ECF 113 at 9–10. If the claim involved a law enforcement officer, Subsection (9) would automatically apply and the statute of limitations would be two years. *See id.*

However, the County has not presented any case law or legislative history as to why Subsection (9) should be considered an exception to precedent. Adopting this interpretation would depart from Sixth Circuit precedent prescribing a three-year statute of limitations for Section 1983 claims. The relevant Sixth Circuit case law does not consider the status or characteristics of the parties in question when determining the appropriate statute of limitations. Instead, federal courts within Michigan are to apply a three-year statute of limitations when presented with a Section 1983 claim. Furthermore, creating a separate class of defendants under Mich. Comp. Laws §600.5805 would frustrate the intent of *Wilson. Wilson* 471 U.S. at 275. The Supreme Court intended to promote uniformity among federal courts within each state, not to create more categories for determining statutes of limitations. *Id.*

The County cites to *McCloskey* in which the court held that the "statute of limitations for any claim against an officer is two years." *McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341 (E.D. Mich. Jan. 31, 2007). However, the County has taken this quote out of context. The plaintiff in the cited case had brought both state law claims and a Section 1983 claim against police officers. The court applied Michigan's two-year statute of limitations law for the state law claims, but applied the three-year statute of limitations statute for the Section 1983 claim. The court specifically stated "Defendants fail to recognize or acknowledge that the Sixth Circuit, following Supreme Court case law, has abandoned the

---

[2] In its motion for summary judgment, Genesee County cites to Mich. Comp. Laws §600.5805(7). However, this subsection makes no mention of law enforcement officers or sheriffs. Instead, this language is found in Mich. Comp. Laws §600.5805(9).

practice of finding the 'most appropriate' state statute of limitations for 1983 claims in favor of a more certain standard." *Id*. at 9.

The County goes on to argue that regardless of whether law enforcement officers should be considered a different class of persons, the two-year statute of limitations in Subsection (9) should be adopted to promote federalism. *Id.* at 10. The County essentially argues that the most appropriate standard in this case would be the approach used prior to *Wilson* and the one articulated in the dissents of *Wilson*. Def. Genesee County Mot. for Summ. J., ECF 113 at 11. The County emphasizes that federal courts should rely upon states to set their own statutes of limitations. *Id*. However, the Court *is* relying upon Michigan's statute of limitations by adopting its three year personal injury statute of limitations. Most importantly, adopting a three year statute of limitations complies with well-established Sixth Circuit precedent.

Order Granting Mot. Summ. J., ECF No. 138 at 6 – 9. The Court ultimately found that all incidents of violence related to Plaintiff's Section 1983 fell outside of the statute of limitations except for one alleged incident between Plaintiff and Defendant Rainwater on October 30, 2013. *Id.* at 11. It also found that Plaintiff's Michigan common law claims of assault and battery and intentional infliction of emotional distress fell outside the two-year statute of limitations. *Id.*

Defendants further argued that Plaintiff's claims were fraudulent based upon a statement by Edward Burley, a fellow inmate of Plaintiff who testified that Plaintiff fabricated the allegations in his complaint. Plaintiff contended that Burley's statements were false. The veracity of Burley's statement was not addressed because Defendants' other evidence warranted granting the motion for summary judgment. ECF No. 138 at 21.

**II.**

Defendants have now filed a motion for an award of attorney fees. In any action or proceeding to enforce a provision of sections 42 USCS §§ 1981-1983 the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. Prevailing defendants are entitled to attorney's fees upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective

bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978).

To determine whether a suit is frivolous, courts consider "whether the issue is one of first impression requiring judicial resolution, whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, whether the trial court has made a finding that the suit was frivolous under the Christiansburg guidelines, and whether the record would support such a finding." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 636 (6th Cir. 2009) (citing *Tarter v. Raybuck*, 742 F.2d 977, 986 (6th Cir. 1984)). A claim may be unreasonable where no reasonable person could think that he would succeed on the claim. *See Dabbs v. Bolin*, 21 F.3d 427 (6th Cir. 1994). A claim is without foundation where it is meritless or groundless. *Hughes*, 449 U.S. at 14. That plaintiff lost his case does not mean the action was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421.

### III.

Defendants present two arguments. First, that Plaintiff's claims were "clearly time-barred and frivolous from the start." ECF No. 141 at 5. Second, that Plaintiff committed fraud upon the court by fabricating the claims in his complaint. *Id.* at 8. Each of these arguments will be addressed in turn.

### A.

Defendants contend that "the law was clear that the overwhelming majority of Plaintiff's claims were barred by the statute of limitations." Mot. Attorney Fees at 7, ECF No. 141. Defendants make this argument even though they argued in support of the motions for summary judgment that the Court should apply a statute of limitations rejected by the Sixth Circuit. In *Carroll v. Wilkerson*, the Sixth Circuit determined that claims brought pursuant to Section 1983

are governed by a three-year statute of limitations. 782 F.2d 44, 45 (6th Cir. 1986). The County and Rainwater argued that Plaintiff's Section 1983 claim should not be governed by the three-year statute of limitations, but instead to a two-year statute of limitations. However, they did not support this argument with controlling authority. Instead they relied upon the dissent's opinion in *Wilson v. Garcia* and argued that the Court should adopt a holding that would essentially revive outdated law. *Wilson v. Garcia*, 471 U.S. 261 (1985); *see* ECF No. 138 at 9. They also cited to *McCloskey v. City of Pontiac* and argued that Section 1983 claims against law enforcement officers carried a two-year statute of limitations. 2007 WL 325341 (E.D. Mich. Jan. 31, 2007). However, Defendants neglected to explain that the court in *McCloskey* had applied a two-year statute of limitations to the plaintiff's state law claims, not to the plaintiff's Section 1983 claims. The court rejected the defendant's arguments and applied the three-year statute of limitations to the plaintiff's Section 1983 claims.

Defendants also argue that "Plaintiff elected to pursue his unsupported claims despite multiple warnings to the contrary." ECF No. 141 at 7. Defendants identify withdrawal of his attorney as the "the first warning sign of his failure." *Id.* However, it is unknown why Plaintiff's attorney withdrew. ECF No. 101. Plaintiff's former attorneys in their motion to withdraw solely state "undersigned counsel have experienced an irreconcilable breakdown in the attorney-client relationship and continuing with the representation would result in an unreasonable financial burden on the lawyers and their firm." *Id.* at 6. The attorneys did not represent that they were withdrawing due to the weakness of Plaintiff's claim. To assume this about Plaintiff's claim would be to engage in unsupported conjecture. The only concrete reason they give for withdrawal is that continuing to represent Plaintiff would cause an "unreasonable financial burden on the lawyers

and their firm." *Id.* The financial cost of a case is not always indicative of its merits. A case may not carry a good financial "return on investment," but this does not render it meritless.

**B.**

Defendants argue that Plaintiff committed fraud by fabricating the allegations in his complaint. Defendants quote a First Circuit decision in which the court held that "'fraud on the court' requires clear and convincing evidence 'that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'" ECF No. 141 at 9 (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1116 (1st Cir. 1989)). Though the law requires "clear and convincing evidence", Defendants present only the statement of Edward Burley and a general reference to "all other objective evidence in the case" to argue that Plaintiff committed fraud. ECF No. 141 at 11.

This is insufficient to find that Plaintiff committed fraud. Burley testified in his deposition that Plaintiff had told him that Plaintiff had fabricated the allegations in his complaint in order to receive a money judgment. *See* Burley Dep., ECF No. 112-9. Burley's statement does not rise to the level of "clear and convincing evidence" that Plaintiff was committing fraud on the Court. Defendants also broadly reference "all other objective evidence in the case." ECF No. 141 at 11. However, they do not explain which evidence supports their allegation of fraud. As the moving party, it is Defendants' responsibility to articulate such reasoning for their argument.

**IV.**

Accordingly, it is **ORDERED** that Defendants' motion for attorney fees, ECF No. 141, is **DENIED**.

Dated: February 11, 2019                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge